UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-81507-CV-MIDDLEBROOKS

ROBIN FLEMING, MISS AMERICA IP,
INC., MISS AMERICA'S SCHOLARSHIP
FOUNDATION, INC., and MAO IP
HOLDING COMPANY, LLC,

    Plaintiffs,

v.

GLENN F. STRAUB, CRAIG T. GALLE,
KATHLEEN A. FIALCO, and PALM BEACH
POLO, INC.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court *sua sponte*. On November 28, 2024, Plaintiffs filed their initial Complaint against four defendants, alleging numerous causes of action for fraud, defamation, and civil conspiracy, in addition to several civil RICO claims. (DE 1). The Complaint has 814 paragraphs and spans 144 pages, incorporating thirty-two total counts against the various Defendants. On review, I find Plaintiffs' filing to be facially deficient under Federal Rule 8.

    A Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, each "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). A shotgun pleading problem arises when a litigant fails to adhere to these instructions. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015). The Eleventh Circuit has instructed that a district court, "in the exercise of its inherent power, must intervene *sua sponte* and order a repleader" in the face of a shotgun

complaint, as "early *sua sponte* intervention will ensure public confidence in the court's ability to administer civil justice" and "conserve[] judicial and parajudicial resources." *Bryne v. Nezhat*, 261 F.3d 1075, 1133-34 (11th Cir. 2001).

Shotgun pleadings may take several forms. The most common is a complaint with multiple counts, wherein each count adopts the allegations of all preceding counts, such that each successive count carries all that came before, and the last count is a combination of the entire complaint. *See, e.g.*, *Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1045 n. 39 (11th Cir. 2014) ("The complaint, through its incorporation into successive counts all preceding allegations and counts, is a quintessential 'shotgun' pleading...."); *Thompson v. Relation Serve Media, Inc.*, 610 F.3d 628, 650 n. 22 (11th Cir. 2010). Here, each of the thirty-two counts incorporates by reference the preceding allegations—amounting to roughly one hundred pages of factual material, which cannot possibly be relevant to all the claims. Moreover, "[t]he allegations of each count" are "rolled into every successive count down the line," making each the culmination of the counts preceding it. *Weiland*, 792 F.3d at 1324. Finally, several counts do not even try to direct the Court to the relevant parts of the Complaint. Whereas other counts attempt to stem the factual flood by pointing with particularity to certain paragraphs, the first, thirteenth, twenty-ninth, and thirty-second causes of action incorporate the whole Complaint without referencing any paragraphs. Indeed, count twenty-nine—alleging intentional infliction of emotional distress—suggests that Defendants' conduct as described throughout *the entirety of the Complaint* constitutes "outrageous, extreme, malicious" behavior justifying relief, giving Defendants—and this Court—no clarity as to what conduct, precisely, supplies the basis for relief across 814 paragraphs of factual allegations.

Another kind of shotgun pleading is one that "does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and

immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. Here, Plaintiffs include factual material that appears to be wholly unrelated to the claims asserted. For instance, Plaintiffs include "as context" the age disparity between Defendant Straub and his ex-girlfriend, (DE 1 at 15), and spend several paragraphs describing racially insensitive actions and remarks by Defendant Straub, (DE 1 at 40-41). None of these allegations appear to relate in any way to Plaintiffs' claims of fraud, defamation, or the other numerous grounds upon which Plaintiffs claim to seek relief; instead, they seem to function only to inflate the Complaint with unsavory information about Defendant Straub. In issuing a short and plain statement, Plaintiffs are expected to direct Defendants—and the Court—to those facts which supply the basis for relief, not air every conceivable grievance against them.

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Not only are such pleadings wasteful of judicial resources, they fail to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. Still, in dismissing Plaintiffs' Complaint, I do not mean to suggest that Plaintiffs' Complaint is devoid of merit. Indeed, as the Eleventh Circuit has explained, dismissal of shotgun pleadings is one way courts drive the litigants to define the heart of their dispute "at the earliest stages of litigation." *Vibe Micro*, 878 F.3d at 1296. Plaintiffs' Complaint fails to do so. The 144-page filing is neither short nor plain. Although I will not impose a strict page limit on Plaintiffs, I encourage them to make significant revisions to parse down the factual background and counts alleged to include only those which may plausibly form a basis for relief. At the very least, Plaintiffs are expected to produce a Complaint which notifies Defendants and the Court of the particular conduct being alleged in each count, without expecting either to sift through 814 paragraphs of allegations to uncover those that are relevant.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) Plaintiff's Complaint (DE 1) is **DISMISSED WITHOUT PREJUDICE**.

(2) On or by **December 20, 2024**, Plaintiffs may, if they so choose, file an Amended Complaint. Any Amended Complaint must include specific factual allegations to meet the pleading requirements of the claims they seek to bring.

(3) Plaintiffs are warned that failure to file the Amended Complaint on time and in compliance with this Order shall result in dismissal of this case without prejudice for failure to prosecute or alternatively for failure to comply with court orders. *See* Fed. R. Civ. P. 41(b).

**SIGNED** in Chambers at West Palm Beach, Florida, this the 3rd day of December, 2024.

Donald M. Middlebrooks
United States District Judge

CC: Counsel of Record