IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 24-81507-CV-MIDDLEBROOKS

ROBIN FLEMING, MISS AMERICA IP,
INC., MISS AMERICA'S SCHOLARSHIP
FOUNDATION, INC., and MAO IP
HOLDING COMPANY, LLC,

      Plaintiffs,
vs.

GLENN F. STRAUB, CRAIG T. GALLE,
KATHLEEN A. FIALCO, and PALM BEACH
POLO, INC.,

      Defendants.
_____/

**DEFENDANTS GLENN F. STRAUB, CRAIG T. GALLE,
KATHLEEN A. FIALCO, AND PALM BEACH POLO, INC.'S
<u>MOTION TO DISQUALIFY COUNSEL</u>**

Defendants, Glenn Straub, Craig Galle, Kathleen Fialco, and Palm Beach Polo, Inc. (collectively "Defendants"), through their undersigned counsel hereby move to disqualify counsel ("this Motion") for Plaintiffs, Miss America IP, Inc., Miss America's Scholarship Foundation, Inc., and MAO IP Holding Company, LLC (collectively "Disqualified Plaintiffs"), and Robin Fleming ("Fleming" or "Plaintiff Fleming"), because a conflict and/or potential conflict exists between counsel for Disqualified Plaintiffs and Defendants in direct violation of the Florida Rules of Professional Conduct. In further support, Defendants state as follows:

I.      **SUMMARY OF THE ARGUMENT**

A conflict of interest between counsel for Plaintiffs and Defendants exists. First, in the Palm Beach Circuit Court proceeding (Case No. 502024CA003851), MAO IP Holding Company, LLC ("IP Holding"), is a plaintiff and Fleming is a defendant. Carlton Fields represents Fleming in that state court proceeding, but not IP Holding. Carlton Fields's representation of Fleming in

the state court proceeding is therefore directly adverse to IP Holding. Here, however, Carlton Fields represents IP Holding. As a result, on the one hand, Carlon Fields is acting directly adverse to IP Holding (in state court) and on the other hand it represents IP Holding with respect to the same subject-matter (i.e. ownership over the Miss America Entities) here in this action. Similar issues arise with respect to Miss America IP ("MAIP"), for example.

Further, Defendant Straub is the sole owner, director, and/or officer of Disqualified Plaintiffs. As such, he is the holder of privilege on behalf of Disqualified Plaintiffs. Counsel for Disqualified Plaintiffs will, invariably, take the position in this litigation that communication between Disqualified Plaintiffs, Plaintiffs' counsel, and Plaintiff Fleming (and others) is privileged as to Defendant Straub. But that is impossible given Defendant Straub is the holder of privilege on behalf of the Disqualified Plaintiffs. Because a conflict of interest in this case is inevitable, this Court must grant Defendants' simultaneously filed Motion to Stay Disqualified Plaintiffs from proceeding in this litigation until the ownership issue is resolved or grant this Motion to Disqualify.

## II.     BACKGROUND AND PROCEDURAL HISTORY

1.      On March 17, 2025, Plaintiffs filed their Second Amended Complaint against Defendants. *See* [DE 33].

2.      The crux of the dispute between the parties is this: Plaintiff Fleming claims she is the sole owner of the Disqualified Plaintiffs and has exclusive control over Disqualified Plaintiffs' assets and intellectual property whereas Defendant Straub claims he is the sole owner of the Disqualified Plaintiffs and Disqualified Plaintiffs' assets.

3.      Ownership is dispositive of most, if not all, of Plaintiffs' claims. For example, if Defendant Straub is the sole owner of Disqualified Plaintiffs, then Plaintiffs' claim for filing false document fails. Plaintiffs' claim for filing false document is premised entirely on the fact that the

documents Defendants filed were "false" because they showed that Defendant Straub was the sole owner of the Disqualified Plaintiffs. But, if in reality Defendant Straub is the sole owner of the Disqualified Plaintiffs, it necessarily follows that those documents are not "false."

4. This ownership issue has not been resolved yet. It has, however, been considered by the Palm Beach Circuit Court in Case No. 502024CA003851.

5. There, the court held Defendant Straub was the likely (sole) owner and (sole) member of Disqualified Plaintiffs. *See* [DE 21-2] at ¶ 21 ("…the Court concludes that there is a substantial likelihood that Plaintiffs will prevail on the ownership interest claims at trial ....").

6. In that same state court case, IP Holding is a plaintiff and is represented by Zink, Zink & Zink Co., L.P.A. *See* [DE 21-2] at p. 19, under "Copies furnished to:" section, specifically the portion which identifies the firm as counsel for plaintiffs, which include Miss America IP, LLC ("MAIP") (MAIP is one of the Disqualified Plaintiffs).

7. In the state court proceeding, Plaintiff Fleming is a defendant and is represented by Carlton Fields. *See* [DE 21-2] at p. 19, specifically the portion identifying defendants' counsel.

8. To summarize, in the state court action, IP Holding and MAIP are suing Fleming, who is represented by Carlton Fields both in the state court action and this action. Despite that IP Holding and MAIP are suing Carlton Fields's client, Fleming, in the state court action, Carlton Fields represents IP Holding and MAIP in this action.

### III. MEMORANDUM OF LAW

"A motion to disqualify counsel is the proper method for a party-litigant to bring the issues of conflict of interest or breach of ethical duties to the attention of the court." *Musicus v. Westinghouse Elec. Corp.*, 621 F.2d 742, 744 (5th Cir. 1980); *see also Davis v. S. Bell Tel. & Tel. Co.*, 149 F.R.D. 666, 673 (S.D.Fla.1993) ( "[W]here the rights of a particular party may be

compromised by representation in which opposing counsel is engaged, then that party has standing to bring a motion to disqualify ...."). Motions to disqualify are governed by two sources of authority: (1) the local rules of the court in which counsel appears; and (2) federal common law. *Herrmann v. GutterGuard, Inc.*, 199 F. App'x 745, 752 (11th Cir.2006) (citations omitted). Relevant here are the Florida Rules of Professional Conduct.

Florida Rules of Professional Conduct 4–1.7, addresses when conflicts of interest exist and when such conflicts require disqualification. *See Musicus,* 621 F.2d at 744 (noting that the Court "is obligated to take measures against unethical conduct occurring in connection with any proceeding before it"). Rule 4-1.7 provides, in relevant part:

(a) Representing Adverse Interests. Except as provided in subdivision (b), a lawyer must not represent a client if:

(1) the representation of 1 client will be directly adverse to another client; or

(2) there is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

Florida's privilege law applies to corporate entities. *E.g., Southern Bell Tele. Co. v. Deason*, 632 So. 2d 1377, 1383 (Fla. 1994). The corporate privilege protects communications on legal matters between corporate counsel and corporate employees. *Shell Oil Co. v. Par Four Partnership*, 638 So. 2d 1050, 1051 (Fla. 5th DCA 1994). Florida follows the traditional rule that the corporation's current board of directors and managers control that privilege just like any other corporate power. *Tail of the Pup, Inc. v. Webb*, 528 So. 2d 506, 507 (Fla. 2d DCA 1988) (citing *CFTC v. Weintraub*, 471 U.S. 343, 349 (1985)).

As an initial matter, counsel for Plaintiff IP Holding must be disqualified. In Palm Beach Circuit Court, IP Holding is a plaintiff suing Fleming, who is a defendant in that state court matter. Carlton Fields represents Fleming in that state court matter, and thus, is adverse to IP Holding in that state court matter. Here, however, Carlton Fields represents IP Holding as a Plaintiff, alongside Fleming. Because the state court matter and the case here relate to the same subject matter, and Carlton Fields is directly adverse to IP Holding in one matter (the state court matter) but represents IP Holding in the next (the instant matter), Carlton Fields must be disqualified. The same logic applied to disqualify one of Fleming's attorneys, Stuart Moskowitz, in the state court matter. *See* Exhibit 1, order disqualifying Mr. Moskowitz and Fourth District Court of Appeal order affirming same.

Other conflicts exist too. At issue in this litigation is whether Defendant Straub is the sole owner, director, and/or officer of the Disqualified Plaintiffs or whether Plaintiff Fleming is the sole owner, director, and/or officer of the Disqualified Plaintiffs. That question has yet to be decided, although, when considered by the court in the Palm Beach County Circuit Court matter, it was determined Defendant Straub was the likely (sole) owner and (sole) director of Disqualified Plaintiffs. *See* [DE 21-2] at ¶ 21 ("…the Court concludes that there is a substantial likelihood that Plaintiffs will prevail on the ownership interest claims at trial ….").

If Defendant Straub is the sole owner, director, and/or officer of Disqualified Plaintiffs, and it is likely that he is, then Defendant Straub is the holder of privileged communications between Disqualified Plaintiffs and their counsel. *See Webb*, 528 So. at 507. During this litigation, counsel for Disqualified Plaintiff will inevitably refuse to produce certain documents and communications on the basis they are "privileged" from Defendant Straub. The issue, however, is that Defendant Straub, as the sole owner, director, and/or officer of Disqualified Plaintiffs, is the

privilege holder of those communications. It is therefore impossible that those communications are privileged as to him. Defendant Straub has a legal entitlement to those communications and counsel for Disqualified Plaintiffs does not have the authority to refuse to divulge those communications to Defendant Straub (given he is the holder of privilege for Disqualified Plaintiffs). This conflict between counsel for Disqualified Plaintiffs and Defendant Straub is inevitable given the nature of the dispute (i.e. ownership) between the parties.

The potential conflicts do not stop there. For example, Disqualified Plaintiffs filed a cause of action against Defendants for filing false documents pursuant to Fla. Stat. § 817.535. That statute permits the prevailing parties to recoup their reasonable attorneys' fees. *See* Fla. Stat. § 817.535(8). Imagine a scenario wherein Defendants are the prevailing parties on this claim. After they prevail, Defendants will move for attorneys' fees from Plaintiffs. Under this hypothetical, however, it necessarily follows that if Defendants prevail on the "false document" claim they will also prevail in demonstrating Defendant Straub is the sole owner of Disqualified Plaintiffs.[1] Thus, Defendant Straub's "award" for prevailing on the filing false documents claim would be an order from this Court mandating that Defendant Straub, as the sole owner of Disqualified Plaintiffs, pay the attorneys' fees for Defendants. In other words, Defendant Straub would be punished for prevailing on the claims being asserted against him.

### IV.   CONCLUSION

The solution here is simple. First, Carlton Fields must be disqualified as counsel given the firm is directly adverse to MAO IP Holding Company LLC in the Palm Beach Circuit Court matter but represents MAO IP Holding Company LLC in this matter. Second, the Motion to Stay filed

---

[1] As a reminder, Plaintiffs' argument that Defendants "filed false documents" is premised entirely on Defendant Straub not being the sole owner of Disqualified Plaintiffs.

simultaneously with this Motion should be granted <u>until</u> the ownership issue is decided.[2] For once the ownership issue is decided, there is no longer a risk counsel for Disqualified Plaintiffs acts as a direct adversary to Defendant Straub.

Respectfully Submitted,

**CLAYTON TRIAL LAWYERS, PLLC**
*Attorneys for Defendants*
401 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Phone: (954) 712-2300

By: */s/ William R. Clayton*
    WILLIAM R. CLAYTON
    Florida Bar No. 485977
    claytonw@ctllawyers.com
    rosr@ctllawyers.com
    MIGUEL ARISTIZABAL
    Florida Bar No. 124925
    aristizabalm@ctllawyers.com
    service@ctllawyers.com
    dasilvak@ctllawyers.com
    RILEY F. KENNEDY
    Florida Bar No. 124149
    kennedyr@ctllawyers.com
    dasilvak@ctllawyers.com

**CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that on March 28, 2025, the foregoing document was electronically served via the CM/ECF system on all counsel of record.

*/s/ William R. Clayton*
WILLIAM R. CLAYTON

---

[2] Defendants are not requesting the pending Motion to Stay be granted as to Plaintiff Fleming (although Defendants have no objection to a stay that would apply to Plaintiff Fleming as well). Defendants only request the pending Motion to Stay be granted as to Disqualified Plaintiffs because of the conflicts that exist between counsel for Disqualified Plaintiffs and Defendant Straub.