UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 24-81507-CIV-MIDDLEBROOKS

ROBIN FLEMING, MISS AMERICA IP,
INC., MISS AMERICA'S SCHOLARSHIP
FOUNDATION, INC., and MAO IP
HOLDING COMPANY, LLC,

    Plaintiffs,

v.

GLENN F. STRAUB, CRAIG T. GALLE,
KATHLEEN A. FIALCO, and PALM BEACH
POLO, INC.,

    Defendants.
_____/

## PLAINTIFFS' OMNIBUS OPPOSITION TO
## DEFENDANTS' MOTIONS TO DISQUALIFY AND STAY PROCEEDINGS

Robin Fleming, Miss America IP, Inc., Miss America's Scholarship Foundation, Inc., and MAO IP Holding Company, LLC (collectively, "**Plaintiffs**") hereby submit their opposition to Defendants Glenn F. Straub ("**Straub**"), Craig T. Galle ("**Galle**"), Kathleen A. Fialco, and Palm Beach Polo, Inc.'s (collectively, "**Defendants**") Motion to Disqualify Counsel (ECF 34) and Motion to Stay Proceeding as to Disqualified Plaintiffs Until the Ownership Issue is Decided (ECF 35).

## BACKGROUND

Both of Defendants' motions are frivolous, non-sensical, and vexatious – baseless attempts to separate Ms. Fleming from her counsel and to stay the action against Straub and the other Defendants. Given their thinness – and other evidence concerning Straub's ill intent – the real purpose is to cause delay and exhaust Ms. Fleming's resources. Nonetheless, Plaintiffs respond as follows:

*The Motion to Disqualify*

The motion to disqualify proceeds from the erroneous assumption that Straub already owns Miss America IP, Inc. ("**MAIP**"), which owns MAO IP Holding Company, LLC ("**IP Holding**"), and that a conflict of interest arises for Plaintiffs' counsel ("**Counsel**") because Ms. Fleming asserts ownership of IP Holding in this action but was adverse to "IP Holding" in the now-stayed State Action.[1]

This motion is Straub's attempt to leverage the chaos he created in the State Action where, instead of bringing an action to contest ownership of Miss America on his behalf against Ms. Fleming, he sued her not under his own name but through the very entities whose ownership he sought. One of the three putative plaintiff entities for Straub in the State Action was "IP Holding."[2]

But bringing suit purportedly on behalf of an entity that one does not own or control *does not create an ownership interest* in the true entity. It merely creates chaos in the court by captioning the case as if ownership was already established and makes it more difficult (and costly) for the opposing party to defend. Coupling such artifice in pleading with false documents regarding ownership makes it even more difficult and costly to defend.[3] Notably, Straub did not seek declaratory relief regarding ownership in his state court complaint.

Further, bringing suit purportedly on behalf of an entity that one does not own or control *does not create an actual conflict of interest* for the owner of the true entity. Thus, no conflict can arise for Counsel from representing two entities on different sides of the case captions because *there is only one IP Holding entity*, Ms. Fleming owns it, Counsel represents it, and the fact that

---

[1] *See Miss America Competitions, LLC, Miss America IP, LLC, and MAO IP Holding Company, LLC v. Robin Fleming and Miss America Scholarship Foundation, Inc.,* Case No. 50-2024-CA-003851-XXXA-MB (Palm Beach County Circuit Court, filed April 24, 2024).

[2] Notably, the other two putative plaintiff entities in Straub's case caption in the State Action *did not actually exist*: "Miss America Competition**s**, LLC" (plural) has never existed in Florida, and "Miss America IP, **LLC**" was incorporated in Florida by January 1, 2024, and thus was an "**Inc.**," not an "LLC," when the state case was filed. A true owner would know this.

[3] Straub has essentially unlimited resources for litigation. Ms. Fleming will testify that at the outset of litigation, while showing her a UBS Bank Statement evidencing assets of more than $150 million, he was willing to spend it all in shutting down Miss America and "breaking" Ms. Fleming.

Page | 2

Straub chose to fraudulently insert the entity's name on his side of the case caption in the State Action is, as they say, on him. Doing so creates no conflict for Counsel.

### *The Motion to Stay Proceeding as to Disqualified Plaintiffs Until Ownership Is Decided*

Defendants already filed a Motion to Stay (ECF 22) that was just denied by this Court (ECF 27). Thus, this motion is duplicative, an attempt to relitigate a motion just denied. The motion is also duplicative of the motion to disqualify Counsel; *i.e.,* it simply reiterates the argument that Counsel should be disqualified because of the purported "conflict of interest" arising from Counsel's participation in her case on behalf of IP Holding. It includes a request to stay the proceeding if Counsel is not disqualified (except as to Ms. Fleming) because of the "conflict of interest." In short, Defendants argue for the case to proceed with Ms. Fleming but without Counsel and the other plaintiff entities.

## MEMORANDUM OF LAW

### I.     The Motion for Disqualification Is Frivolous, Nonsensical, and Vexatious

"Because a party is presumptively entitled to the counsel of his choice, that right may be overridden only if 'compelling reasons' exist." *Herrmann v. GutterGuard, Inc.,* 199 Fed. App'x 745, 752 (11th Cir. 2006). Further, "[a] disqualification order 'is a harsh sanction, often working substantial hardship on the client' and should therefore 'be resorted to sparingly' … **A motion to disqualify brought by opposing counsel 'should be viewed with caution ... for it can be misused as a technique of harassment**.'" *Id.* (citations omitted, emphasis added).

There are two sources of authority governing motions to disqualify: the first are the local rules of the court in which they appear, and the second is federal common law. *Id.* Defendants bear the burden of proving the grounds for disqualification. Here, Defendants fall far short.

Defendants cite only to Florida Rule of Professional Conduct 4–1.7 in support, which states that a lawyer, unless he has his client's consent, must not represent a client if: (1) such representation "will be directly adverse to another client" or (2) where there is a substantial risk that the representation of the client will be materially limited by responsibilities to another client, former client, third person, or a personal interest of the lawyer. *Id.* at 4-1.7(a). But a lawyer may represent the client, notwithstanding the existence of such a conflict, with his client's informed consent. *Id.* at 4-1.7(b). Defendants failed to include this exception to the rule in their argument.

Page | 3

### a. There Is No Conflict of Interest Regarding IP Holding

Here, there is no conflict for Counsel. Counsel represents Ms. Fleming and the entities she owns and controls, including IP Holding. Counsel did not represent "IP Holding" in the State Action because in that case "IP Holding" was falsely listed as a plaintiff entity owned by Straub. As such, it was a fiction that only existed as part of Straub's and Galle's narrative. In this action, Counsel represents IP Holding as one of the plaintiff entities. Thus, Counsel's representation of IP Holding in this action is not adverse to another client of Counsel because "IP Holding" in the State Action was not a client of Counsel – it was simply a fiction of Straub's without any nexus to Counsel.

In sum, Straub cannot create a conflict for Counsel by simply listing an entity owned by Plaintiffs on his side of the "v." in the case caption. Thus, there is no conflict.[4] Further, even if a conflict exists by some strained logic, Ms. Fleming is informed and consents to Counsel to proceed in this matter without regard to any such conflict.

### b. There is No Issue Regarding Privilege

It is difficult to understand the motion's convoluted language where Defendants claim there are potential privilege issues arising from the purported conflict of interest. But as set forth above, there is no actual or potential conflict of interest arising from Straub's deceptive pleading. His "IP Holding" was a fiction that had no counsel and no communications with Counsel here. Thus, the claim of privilege issues is both self-serving and nonsensical. To be sure, privilege attaches to certain communications between Ms. Fleming and her Counsel, just as it attaches to certain communications of individual Defendants and their counsel, but not to a fictional entity.

### c. The Motion to Disqualify Should Be Denied

Defendants have failed to establish that an actual conflict of interest exists for Counsel. In fact, there is none. And even if there were, Ms. Fleming is informed and consents to proceed. Further, the facts and circumstances surrounding the filing of this motion as set forth above indicate that the motion is frivolous, nonsensical, and vexatious.

---

[4] Assuming, *arguendo*, that Straub owned IP Holding, there still would be no conflict because then it would be Ms. Fleming who listed a fictitious entity on her side of the case caption. Any conflict with that entity would also be fictitious.

Page | 4

## II.    *The Motion to Stay Proceeding as to Disqualified Plaintiffs is Frivolous, Nonsensical, and Vexatious*

This motion follows Defendants' first motion to stay (ECF 22) filed just two months ago, which was denied by this Court just one month ago (ECF 27). This motion presents no new facts to justify a second bite at the apple. As such, the motion is frivolous and vexatious.

In the motion Defendants present a new – but strained – legal argument based on the premise that a conflict of interest exists as set forth in the motion to disqualify Counsel and that the ownership issue has not been decided.[5] Yet there is no argument linking the conflict of interest premise to the need for a stay of the federal court action since the Court's ruling on the motion to disqualify will likely resolve the conflict of interest issue one way or the other. Nor is there an argument that a stay is warranted because the ownership issue has not been decided. Plaintiffs, on the other hand, intend to address the ownership issue forthwith (see Plaintiffs' Notice Regarding the Ownership Issue filed herewith).

Further, Straub and his counsel chose to use confusing labels in the motion such as "Disqualified Plaintiffs," when the term is not defined as to who disqualified which Plaintiffs, by what authority, when, and why? Similarly, the arguments are confusing and baseless, such as when Defendants state that this Court "must" grant the motion to disqualify Plaintiffs' Counsel or "must" grant the motion to stay the proceeding. Yet they set forth no basis that would force this Court to make such a choice. Next, they argue that, if Plaintiffs' counsel is not disqualified, "a clear conflict of interest will exist between counsel for the Disqualified Plaintiffs and Defendant Straub." This is nonsensical. Counsel does not represent Straub or any of Straub's entities. Similarly, they argue, without more, that, if Straub prevails, "Defendant Straub would be punished for prevailing on the claims being asserted against him" by having to pay the attorneys' fees for Defendants. This is also a *non-sequitur*. For all these reasons, the motion to stay should be denied as frivolous, nonsensical, and vexatious.

---

[5] Of course, if Straub had wished to resolve the ownership issue directly, he could have sought a declaratory judgment in the State Action or just continue in his bankruptcy action, where the Bankruptcy Court scheduled a hearing to determine ownership of the purported debtor entity (Miss America Competition, LLC). Once the hearing was scheduled, however, Straub dismissed his petition and tried to get back to state court. Notably, Straub makes no request for action on the ownership issue in his motion, just a stay.

Page | 5

WHEREFORE, Plaintiffs respectfully request that this Court enter an order denying Defendants' Motion to Disqualify and Motion to Stay and granting Plaintiffs any equitable relief this Court deems just.

Dated: April 4, 2025

Respectfully submitted,

/s/ *Bruce J. Berman*
Bruce J. Berman, Florida Bar No. 159280
CARLTON FIELDS, P.A.
2 MiamiCentral. Suite 1200
700 NW 1st Avenue
Miami, Florida 33136-4118
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
bberman@carltonfields.com


Gene Rossi (*pro hac vice*)
Justin L. Chretien (*pro hac vice*)
CARLTON FIELDS, P.A.
1025 Thomas Jefferson Street, NW, Suite 400W
Washington, DC 20007-5208
Telephone: (202) 965-8100
Facsimile: (202) 965-8104
grossi@carltonfields.com
jchretien@carltonfields.com

Benjamin G. Chew (*pro hac vice*)
Jessica N. Meyers (*pro hac vice*)
Camille M. Vasquez (*pro hac vice*)
SHEPPARD, MULLIN, RICHTER
 & HAMPTON LLP
Suite 100
2099 Pennsylvania Avenue, NW
Washington, DC 20006-6801
Telephone: (202) 747-1900
Facsimile: (202) 747-1901
bchew@sheppardmullin.com
jmeyers@sheppardmullin.com
cvasquez@sheppardmullin.com

*Attorneys for Plaintiffs*