**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 24-81507-CIV-MIDDLEBROOKS**

ROBIN FLEMING, MISS AMERICA IP,
INC., MISS AMERICA'S SCHOLARSHIP
FOUNDATION, INC., and MAO IP
HOLDING COMPANY, LLC,

       Plaintiffs,

v.

GLENN F. STRAUB, CRAIG T. GALLE,
KATHLEEN A. FIALCO, and PALM BEACH
POLO, INC.,

       Defendants.

_____/

**PLAINTIFF FLEMING AND PLAINTIFFS' COUNSEL'S**
**OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS**

Plaintiff Robin Fleming and her counsel, Bruce J. Berman, Gene Rossi, and Justin Chretien of the law firm Carlton Fields, P.A. ("**CF**"), and Benjamin G. Chew, Jessica N. Myers, and Camille M. Vasquez of the law firm Sheppard, Mullin, Richter & Hampton, LLP ("**SM**") (collectively, "**Plaintiffs**"), submit their Opposition to Defendants' Motion for Sanctions Against Plaintiffs (ECF 119) ("**Motion**").

Plaintiffs' opposition has two parts. First, Plaintiffs respond to the substance of the Motion, which this Court should deny as wholly meritless and duplicative of Defendants' prior motions that this Court has previously denied. Second, Plaintiffs detail Defendants' past motion practice – a pattern of filing serial frivolous or bad-faith motions, which themselves warrant sanctions and consideration of injunctive relief.

**I.      THE STANDARD FOR A RULE 11 MOTION**

"Because an objective standard of reasonableness under the circumstances governs whether Rule 11 has been violated, 'a federal district court is required to evaluate whether the motion, pleading or other paper reflected what could reasonably have been believed by the

signer at the time of signing.' [citation omitted]. In this circuit, three types of conduct warrant Rule 11 sanctions: '(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose.'" *Didie v. Howes,* 988 F.2d 1097, 1104 (11th Cir. 1993).

Further, "[t]he purpose of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers. [citation omitted]. The rule incorporates an objective standard, and courts determine whether a reasonable attorney in like circumstances could believe his actions were factually and legally justified. *ByoPlanet Int'l, LLC v. Johansson,* 792 F. Supp. 3d 1341, 1353 (S.D. Fla. 2025).

## II.      BACKGROUND

### *A. The Motion is Meritless for Failure to Satisfy any of the Applicable Rule 11 Standards*

Under the first prong above, and applying an objective standard, Defendants have not and cannot establish that Plaintiffs have no reasonable factual basis for their ownership claims as alleged in the Second Amended Complaint (ECF 33) ("**Complaint**"). Defendants incorrectly apply a summary judgment standard, allege that there is no genuine dispute of material fact regarding ownership (Motion, p. 2), and then set forth a lengthy "factual" narrative (Motion, pp. 3-14). The lack of evidence supporting Defendants' factual narrative aside, this is not the standard for a Rule 11 motion.

Plaintiffs have demonstrated a reasonable factual basis as set forth in the Complaint and various motions filed in this action, including Plaintiffs' Motion for Sanctions (ECF 97), which include meritorious legal arguments and documents that support Plaintiff Robin Fleming's claims of ownership. Significantly, and among other things, each of the transaction documents is signed by Ms. Fleming on behalf of the Buyer entities. None are signed by Defendant Glenn F. Straub. And Ms. Fleming's name alone appears on the Buyer entities' formation documents.

Further, Defendants withdrew the only two documents upon which they previously relied as admittedly backdated. (ECF 96). Plaintiffs submit these documents are fraudulent and have been used in this Court and three others to defraud those courts and Ms. Fleming. (ECF 97). Thus, Defendants have not presented facts to rebut the reasonable factual basis supporting Ms. Fleming's claims of ownership but instead have attempted to introduce indirect and inadmissible

evidence to attack the purchase transaction, such as emails reflecting discussions of the possibility of an ownership-sharing arrangement with Straub's daughter, which arrangement never came to fruition. *See* Motion Exhibits D, F, I, J, K, N, O and P. This does not meet the standard for a Rule 11 motion.

Under the second prong above, Defendants have not established the absence of any legal theory under which Fleming's ownership claims will reasonably prevail. First, depositions have not yet been completed, including those of Ms. Fleming and Mr. Straub. Nor is document discovery completed. Second, Defendants have presented no admissible evidence or argument to counter Ms. Flemings' legal theory of ownership – an offer and acceptance with Shantel Krebs from the Miss America Organization ("**MAO**"), a meeting of the minds, a written agreement, and consideration given – for the acquisition of MAO and its assets. Instead, Defendants simply state there is no reasonable legal basis for her claims, without supporting the assertion with argument or admissible evidence. Defendants only repeat, without any basis, claims about the intent of Ms. Fleming and Defendant Straub. See Motion at 4-8. This does not meet the standard for a Rule 11 motion.

Under the third prong above, Defendants have not and cannot establish that Plaintiffs filed any pleading in bad faith or with an improper purpose. Defendants present no argument or evidence to support a claim of improper purpose. Instead, Defendants simply state that Ms. Fleming "could not have a substantiated belief that the allegations … are well grounded in fact, are legally tenable, or are not interposed for an improper purpose." Motion at 17-18. This also does not meet the standard for a Rule 11 motion.

Thus, the Motion does not meet the standards under Rule 11 for sanctions under any prong. It is meritless.

### B. The Motion is Also Duplicative

The Motion is also substantively duplicative of Defendants' Motion to Dismiss for Failure to State a Claim (ECF 21) ("**Motion to Dismiss**"), where Defendants alleged Plaintiffs failed to state a claim for each of their 18 claims in the First Amended Complaint (ECF 6). This Court denied the Motion to Dismiss with respect to 15 of the 18 causes of action, stating:

> Defendants move to dismiss all eighteen Counts of the Amended Complaint, citing numerous pleading deficiencies and theories of law. I have considered and will summarily reject most of these arguments. (ECF 27, p. 8)

As a result, the Complaint's remaining 15 causes of action state sufficient causes of action, *i.e.*, they each have a basis in law or fact. Thus, the Motion is also duplicative of the arguments in the Motion to Dismiss that this Court previously rejected regarding the 15 extant causes of action.

### C. Defendants' Past Motion Practice

Defendants previously filed the following four frivolous or bad-faith motions (and an unfiled frivolous motion for sanctions):

### 1. Defendants' Motion to Dismiss – Largely Frivolous

On January 31, 2025, Defendants filed the Motion to Dismiss all 18 claims in the Amended Complaint (ECF 6). The Motion included *18 pages of a false, unsupported, and conclusory narrative* regarding the "merits" of the action that could only serve to prejudice a fair trial before this Court.  Further, the Motion failed to satisfy the legal standard on a motion to dismiss and merely alleged that all the claims and causes of action were factually or legally deficient and must be dismissed.

This Court summarily rejected Defendants' arguments with respect to 15 of the 18 causes of action, in effect finding the 15 extant claims to be legally sufficient and stating a facially plausible claim for relief. (ECF 27).

### 2. Defendants' First Motion to Stay – Filed in Bad-Faith

On February 3, 2025, Defendants filed their Motion to Stay Proceedings in this Court (ECF 22). The state court, however, had just stayed the State Action[1] on January 17, 2025 (following briefing and oral argument) in favor of this action (Attachment A). Thus, the motion to stay in this Court should not have been brought. Further, Defendants inserted into the motion to stay approximately *nine pages of a false, unsupported, and conclusory narrative* and numerous exhibits from the State Action that were inappropriate for a motion to stay and could only serve to prejudice a fair trial before this Court.

Significantly, Defendants also failed to acknowledge or include in the motion to stay the State Court's order and findings regarding key issues, which were contrary to the stay motion, *i.e.*, that the two cases were not parallel, that the State Action could lead to inconsistent results, that the State Action could lead to piecemeal litigation and would not resolve the federal action,

---

[1] *See Miss America Competitions, LLC, Miss America IP, LLC, and MAO IP Holding Company, LLC v. Robin Fleming and Miss America Scholarship Foundation, Inc.,* Case No. 50-2024-CA-003851-XXXA-MB (Palm Beach County Circuit Court, filed April 24, 2024).

and that the State Action did not include a claim for declaratory relief regarding ownership of the Miss America entities.

Plaintiffs argued, among other things, that Defendants acted in bad faith in filing the motion, that they were on notice that the use of such tactics going forward would be the subject of a motion for sanctions, and that the motion reflected another bad-faith attempt to forum shop between courts.  (ECF 24 at 2).

This Court denied the motion to stay (ECF 27), finding a stay unwarranted.

### 3.  *Defendants' First Motion for Sanctions (Unfiled) – Sent in Bad Faith*

On February 18, 2025, Defendants sent a letter to Plaintiffs' counsel threatening to file a Motion for Sanctions and attached a copy of the 16-page, unfiled motion for sanctions asserting "there is no basis in law or fact for the claims asserted by Plaintiffs" and that they would seek sanctions if Plaintiffs did not voluntarily withdraw their claims (Attachment B). The unfiled motion is relevant here because it again demonstrates Defendants' bad faith, as Plaintiffs' claims were more than sufficient in law and fact to survive Defendants' unsuccessful motion to dismiss, and Defendants had not set forth any allegations (or evidence) of misconduct or of a conflict of interest on counsel's part. Thus, the unfiled motion was simply a baseless threat designed to drain more resources from Ms. Fleming and intimidate her counsel.

### 4.  *Defendants' Motion to Disqualify Plaintiffs' Counsel – Frivolous*

On March 28, 2025, Defendants filed a Motion to Disqualify Counsel (ECF 34) with no reasonable or even plausible set of facts or law to support disqualification. The motion contained *several false, unsupported, and conclusory assertions* about ownership and a bare assertion that a conflict of interest existed for Plaintiffs' counsel simply because of the deceptive manner in which Straub drafted his case caption in the State Action, *i.e.*, placing "IP Holding" on his side of the caption, when the entity was actually owned by Ms. Fleming. Defendants' assertion that this created a conflict for Plaintiffs' counsel was not based on any reasonable legal theory or facts to constitute a conflict of interest or to justify disqualification. Straub was simply leveraging the chaos he created in the State Action for advantage here. Notably, Defendants' counsel also did not meet and confer with Plaintiffs' counsel prior to filing this motion as required by Local Rule 7.1(a)(2).

In Plaintiffs' Omnibus Opposition (ECF 39), Plaintiffs argued that the motion to disqualify was frivolous, nonsensical, and vexatious, demonstrated bad faith, and should not have been brought.

On April 9, 2025, this Court denied the Motion to Disqualify (ECF 40), stating that disqualification was not proper.

### 5. Defendants' Second Motion to Stay – Frivolous

On March 28, 2025, Defendants filed a "Motion to Stay Proceeding as to Disqualified Plaintiffs Until the Ownership Issue Is Decided" (ECF 35). The motion is duplicative of Defendants' first Motion to Stay (ECF 22) that this Court denied just one month earlier. It presents no new facts to justify a second bite at the apple. As such, it is duplicative, frivolous, and vexatious.

The motion is also incomprehensible, with Defendants apparently arguing that a purported conflict of interest exists (as set forth in the Motion to Disqualify) because of the way Straub captioned his state court complaint and therefore a stay should be entered, except as to Ms. Fleming (but without her "disqualified" counsel). Nor did Defendants' counsel meet and confer with Plaintiffs' counsel prior to filing this motion as required by Local Rule 7.1(a)(2).

In Plaintiffs' Omnibus Opposition (ECF 39), Plaintiffs argued that the motion to stay was duplicative of the first and, as such, was frivolous and vexatious.

On April 9, 2025, this Court denied the second Motion to Stay (ECF 40), stating that the Court had previously rejected Defendants' first motion for a stay and that "the grounds cited in the instant Motion do not supply cause to reconsider that decision." (ECF 40 at 3).

### 6. Defendants' Instant (Second) Motion for Sanctions – Frivolous

On November 17, 2025, Defendants filed a Motion for Sanctions (ECF 119). As set forth above, the Motion is meritless and duplicative of the Motion to Dismiss. It is also duplicative of the first (unfiled) motion for sanctions.

All these motions demonstrate an improper purpose, *i.e.*, to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Many of Defendants' allegations and claims are not warranted by existing law or lack evidentiary support and are likely to lack evidentiary support even after a discovery is complete.

In sum, Defendants have previously filed four motions with this Court, and now, with their instant sanctions motion, a fifth (plus its unfiled predecessor), each frivolous or in bad faith.

### III.   MEMORANDUM OF LAW

Federal Rule of Civil Procedure 11 governs sanctions regarding representations made to a court. As set forth in *Langerman v. Dubbin*, No. 14-22531-CIV-KMM, 2014 WL 11429294 (S.D. Fla. Oct. 16, 2014), *aff'd*, 613 Fed. App'x 850 (11th Cir. 2015):

> Rule 11 sanctions are warranted when a party files a pleading that (1) 'has no reasonable factual basis'; (2) 'is based on a legal theory that has no reasonable chance of success and cannot be advanced as a reasonable argument to change existing law'; or (3) 'is filed in bad faith or for an improper purpose.' *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (quotation omitted); *see also* Fed. R. Civ. P. 11(b), (c). Federal courts have the inherent power and a constitutional obligation to protect their jurisdiction from conduct that interferes with their functions. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir.1986) (*en banc*). Rule 11 sanctions should not go beyond what is necessary to deter the sanctioned conduct. Fed. R. Civ. P. 11(c)(4). 'The only restriction this Circuit has placed upon injunctions designed to protect against abusive and vexatious litigation is that a litigant cannot be completely foreclosed from any access to the court.' *Martin—Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993) (quotation omitted). 613 Fed. App'x at 854-55.

In *Langerman*, the Southern District of Florida permanently enjoined Langerman from filing any further pleadings or motions unless he first notified the court, provided the court an opportunity to pre-screen the proffered filing, and obtained the court's leave to file. 2014 WL 11429282, at * 1. *See also Bailey a Deutsche Bank National Trust Co.*, No. 1:18-cv-00274- SCJ, 2021 WL 9274365, * 1 (N.D. Ga. July 27, 2021), *aff'd*, 854 Fed. App'x 364 (11th Cir. 2021) (district court issued warning, in denying plaintiffs' multiple motions to reopen the case, that should plaintiffs file another duplicative motion, sanctions could include an injunction or an order requiring them to get permission from the court before any further filings, and upon filing the next such motion, the court denied the motion and imposed a filing injunction against plaintiffs); *Rease v AT&T Corp.*, 725 Fed. App'x 797, 800 (11th Cir. 2018) (plaintiff required to seek leave of court to file a substantive motion because plaintiff had previously filed at least five post judgment motions raising the same or similar arguments); and *United States v Hintz*, 229 Fed. App'x 860 (11th Cir. 2007) (in criminal case, defendant appealed order prohibiting him from filing additional motions without leave of court. Affirming the district court, the Eleventh Circuit held, "[w]e grant 'considerable discretion' to a district court's decision regarding how to best protect itself against abusive litigants that 'impair [the court's] ability to carry out Article III functions'").

As noted above, the Motion does not meet the standards under Rule 11 and should be denied. Further, Plaintiffs submit that it is Defendants' demonstrated pattern of filing frivolous or bad faith motions that violate Rule 11.

### *Sanctions and Consideration of Injunctive Relief Are Warranted*

Plaintiffs respectfully submit that, under these circumstances, all of Defendants' motions filed or submitted to date were frivolous or reflect bad faith or an improper purpose in violation of Rule 11(b). They also lack argument and evidentiary support for their contentions and include inappropriate factual narratives. As such, sanctions against Defendants and their counsel are warranted.

As set forth in Rule 11(c)(4), the nature of a sanction "must be limited to what suffices to deter repetition of the conduct." Monetary sanctions may include "part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Sanctions may also include "nonmonetary directives."

With respect to monetary sanctions, Plaintiffs are mindful this Court may prefer to wait until the end of this action to assess such sanctions. Further, Straub may not be deterred by the threat of monetary sanctions. He, a purported billionaire with at least $150 million in liquid assets, has said that he will spend whatever money is necessary to shut down Miss America and break Ms. Fleming. And he was not deterred by two cease-and-desist letters from attorneys threatening $100 million in penalties if he were to proceed with the Zoom calls in May 2024 in which he then defamed Ms. Fleming. Complaint ¶¶ 265-274.

On the other hand, injunctive relief may also be appropriate here to deter repetition of the conduct. As this Court ordered in *Langerman*, Plaintiffs respectfully request that Defendants and their counsel be permanently enjoined from filing any further pleadings or motions in this action without first obtaining the Court's leave to file. Plaintiffs note that in *Rease*, a filing injunction was imposed after the plaintiff filed five motions raising the same or similar arguments. Here, Defendants have also filed five meritless or bad-faith motions, with duplicative motions to stay and a motion for sanctions that is substantially duplicative of the motion to dismiss and an unfiled motion for sanctions. The motions are also replete with pages of extraneous information, which is especially egregious, considering that Straub has threatened to shut down Miss America and break Ms. Fleming, that he intends to spend whatever it takes to do that, and is not deterred in the least by the threat of monetary sanctions. We also ask this Court to consider Mr. Straub's

filing in the Bankruptcy Court, which he himself sought to dismiss less than three weeks later. Complaint ¶¶ 278, 388-392. These circumstances suggest that injunctive relief may also be appropriate.

## IV.    CONCLUSION

Plaintiffs respectfully submit that Defendants' Motion for Sanctions be denied and that Plaintiffs should, at the least, be awarded their reasonable attorneys' fees and expenses in connection therewith. Plaintiffs also respectfully request the Court consider prohibiting Defendants and their counsel from filing any further pleadings without first submitting the same for this Court's review and approval.

Dated: December 1, 2025

Respectfully submitted,

/s/  *Bruce J. Berman*
Bruce J. Berman, Florida Bar No. 159280
CARLTON FIELDS, P.A.
2 MiamiCentral. Suite 1200
700 NW 1st Avenue
Miami, Florida 33136-4118
Tel: (305) 530-0050
Facsimile: (305) 530-0055
Email: bberman@carltonfields.com

Gene Rossi (*pro hac vice*)
Justin L. Chretien (*pro hac vice*)
CARLTON FIELDS, P.A.
1625 Eye Street, NW Suite 800
Washington, D.C. 20006
Telephone: (202) 965-8113
Facsimile: (202) 965-8104
Email: grossi@carltonfields.com
Email: jchretien@carltonfields.com

Benjamin G. Chew (*pro hac vice*)
Jessica N. Meyers (*pro hac vice*)
Andrew C. Crawford (*pro hac vice*)
John G. Doyle (*pro hac vice*)
Nina C. Franco (*pro hac vice*)
SHEPPARD, MULLIN, RICHTER
  & HAMPTON LLP
Suite 100
2099 Pennsylvania Avenue, NW
Washington, D.C. 20006-6801
Telephone: (202) 747-1900
Facsimile: (202) 747-1901
Email: bchew@sheppardmullin.com
Email: jmeyers@sheppardmullin.com
Email: acrawford@sheppardmullin.com
Email: jdoyle@sheppardmullin.com
Email: nfranco@sheppardmullin.com

John Gravante, Florida Bar No. 0617113
MOORE & LEE, P.C.
3835 PGA Boulevard, Suite 201
Palm Beach Gardens, Florida  33410
Telephone: (703) 940-3763
Email: jgravante@mooreandlee.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of December, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which in turn will automatically generate a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.  The NEF for the foregoing specifically identifies the recipients of electronic notice.

/s/ *Bruce J. Berman*
Bruce J. Berman