UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 24-CV-81507-MIDDLEBROOKS

ROBIN FLEMING, MISS AMERICA IP, INC., MISS AMERICA'S SCHOLARSHIP FOUNDATION, INC., and MAO IP HOLDING COMPANY, LLC,

    Plaintiffs,

v.

GLENN F. STRAUB, CRAIG T. GALLE, KATHLEEN A. FIALCO, and PALM BEACH POLO, INC.,

    Defendants

# [PROPOSED] CONFIDENTIALITY AND PROTECTIVE ORDER

    **THIS CAUSE** comes before this Court on Plaintiffs Robin Fleming, Miss America IP, Inc., Miss America's Scholarship Foundation, Inc., and MAO IP Holding Company, LLC ("**Plaintiffs**") and Defendants Glenn F. Straub, Craig T. Galle, Kathleen A. Fialco, and Palm Beach Polo, Inc. ("**Defendants**") (either a "**Party**" or together, the "**Parties**") motion for the entry of a Confidentiality and Protective Order under Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(d) (the "**Joint Motion**").

    Having considered the Joint Motion, for the reasons set forth therein, and being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that the Joint Motion is **GRANTED**. The Parties shall comply as follows:

## CONFIDENTIALITY AND PROTECTIVE ORDER

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in the lawsuit captioned *Robin Fleming, et al. v. Glenn F. Straub, et al.*, Case No. 24-cv-81507 (S.D.F.L.) (Middlebrooks, J.) ("**Action**") may involve the production of trade secrets, confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending the Action may be warranted. All materials produced or adduced in the course of discovery, including but not limited to initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (herein collectively "**Discovery Material**") shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **DEFINITIONS**

    2.1   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

    Confidential Information: As used in this Order, "Confidential Information" means nonpublic information designated as "CONFIDENTIAL" by the Producing Party, (regardless of how it is generated, stored, or maintained), whether in documents, communications, or tangible things. The Designating Party may designate as "CONFIDENTIAL" any information or items that it reasonably and in good faith believes meets the requirements for protection set forth in Fed. R. Civ. P. 26(c), including:

    (a)   Trade secrets or other confidential research, development, or commercially sensitive business information (including information implicating privacy rights of third parties), that should not be revealed or be revealed only in a specified way;

(b) Personal data of the Parties or their employees, including personal privacy information such as social security numbers, driver's license numbers, tax returns, medical records, including treatment, evaluation, and diagnosis records, individual financial information, information regarding the victim of any criminal activity, which shall be redacted as necessary to conceal such personal information;

(c) Medical or mental health information, including Protected Health Information ("PHI"), as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 45 CFR § 160.103 (2023);

(d) Any other category of information given confidential status by this Court after the date of this Order;

(e) Any information copied or extracted from the previously described materials, including all excerpts, summaries, or compilations of this information or testimony, and documentation of questioning, statements, conversations, or presentations that might reveal the information contained within the underlying information or tangible things set forth above in Section 2.2(a)-(d).

2.2   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures, including responses to interrogatories or in responses to discovery as "CONFIDENTIAL."

2.3   Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

      2.4      Expert: a Person with specialized knowledge or experience in a matter pertinent to this Action who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in the Action.

      2.5      "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: The Designating Party may designate as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" extremely sensitive information or items, the confidential information disclosure of which to another Party or Non-Party, other than the Receiving Party's counsel of record in this action, would create a substantial risk of harm that could not be avoided by less restrictive means. This material includes, but is not limited to, the Parties' sensitive personal information and tax returns.

      2.6      Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to the Action.

      2.7      Person: includes individuals, firms, associations, joint adventures, partnerships, corporations, limited liability companies, other legal entities, and organizations.

      2.8      Producing Party: a Party or Non-Party that produces Discovery Material or otherwise discloses information through discovery.

      2.9      Protected Material: As used in this Order, "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the Producing Party, (regardless of how it is generated, stored, or maintained), whether in documents, communications, or tangible things, as permitted by this Confidentiality Order.

      2.10      Receiving Party: a Party that receives Discovery Material from a Producing Party.

3.     **SCOPE**

The protections conferred by this Order cover not only Protected Material (defined above) but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Material. The protections conferred by this Order do not cover the following information: (1) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (2) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  This Order does not govern the use of Protected Material at trial.

4.     **DURATION**

Even after final disposition of the Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in the Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     **DESIGNATING PROTECTED MATERIAL**

   5.1   Manner and Timing of Designations.  To avoid potential waiver of protection hereunder, the Designating Party should designate information at the time of production or

disclosure, including on the record during the taking of any testimony. The Designating Party shall designate only that portion of the document or testimony that the Designating Party, in good faith, believes is confidential, and shall designate as set forth below:

(a) <u>for information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" to each page of the document that it deems protected.

(b) <u>for testimony given in depositions, hearings, or other pretrial proceedings</u>, the Designating Party must identify the protected testimony either (i) on the record, before the close of the deposition, hearing, or other proceeding, or (ii) within 5 calendar days following the Designating Party's receipt of the transcript of the deposition testimony, hearing, or proceeding. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material. The Designating Party shall inform the court reporter of these requirements.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY."

5.2 To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information that are permitted to be filed under seal (e.g., tax returns containing protected financial information), the party filing the

documents may only file them under seal in accordance with relevant Court procedures. The party filing such papers shall designate such materials, or portions thereof, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

  5.3 <u>Protected Material Produced Before Issuance of this Order</u>.  Any Disclosure or Discovery Material that is produced before issuance of this Order with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall henceforth be subject to this Order and shall receive the same treatment as if designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" under this Order.

  5.4 <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate Confidential Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

6. **<u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

  6.1 <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

  6.2 <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this

specific paragraph of this Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within five days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall present the dispute to this Court. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules shall be met. Pending this Court's determination of the application, the designation of the Designating Party shall be maintained. The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

      6.4    The designation or non-designation of documents or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" as part of this Order has no evidentiary significance in this Action, including at trial. Accordingly, a Party's election not to challenge the designation of any document, communication, or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall not in any way be construed as an admission by the Receiving Party that such documents are confidential, proprietary or trade secret, or in any way be used as evidence in this Action tending to prove or disprove any element of any claim. Likewise, a Party's election not

to designate any document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall not be construed as an admission that such information, or similar information of the other Party is or is not deserving of legal protection as confidential, proprietary or trade secret.

7.  **ACCESS TO AND USE OF PROTECTED MATERIAL**

    7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with the Action only for prosecuting, defending, or attempting to settle the Action.  Such Protected Material may be disclosed only to the categories of Persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the Persons authorized under this Order.

    7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by this Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a) The Receiving Party's counsel, as well as employees of said counsel to whom it is reasonably necessary to disclose the information to assist such counsel in the Action;

    (b) Experts (as defined in this Order) of the Receiving Party and members of their staff to whom disclosure is reasonably necessary for the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit 1);

    (c) Independent litigation support services, including Persons working for or as graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of the Action, provided that the manager of such services has been provided with a copy of this Order, and confirms its practices and policies are in substantial compliance;

(d) Mock jurors who have signed an undertaking or agreement agreeing not to disclose Protected Material and to keep any information concerning Protected Material confidential;

(e) Any mediator who is assigned to hear the Action, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order;

(f) This Court and its personnel;

(g) Stenographers and videographers employed for purposes of the Action and members of their staff;

(h) The author or recipient of a document or communication containing the Confidential Information as defined in Section 2.2 herein or a custodian of the document or communication; and

(i) Other witnesses or Persons whose assistance is reasonably necessary in the prosecution or defense of the Action.

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by this Court or permitted in writing by the Designating Party, there shall be no disclosure of any information designated "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" by any person authorized to have access thereto to any person other than the Receiving Party's counsel of record in this action. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities. Disclosure may be made to Experts and Consultants employed by the parties or counsel to assist in the preparation of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER PROCEEDINGS**

By entering this Order and limiting the disclosure in the Action, this Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any Person or Party subject to this Order who becomes subject to a motion to disclose another Person or Party's information designated in the Action as "CONFIDENTIAL" pursuant to this Order shall promptly notify the Designating Party of the motion so that the Designating Party may have an opportunity to appear and be heard on whether that information should be disclosed. Specifically, the Person or Party subject to this Order who becomes subject to a motion to disclose another Person or Party's information shall:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in the Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in the Action to disobey a lawful directive from this Court or another court.

9. **NON-PARTIES IN THIS ACTION**

    9.1    The terms of this Order are applicable to information, documents, or communications produced by a Non-Party in this Action via a subpoena or otherwise and designated by the Non-Party as "CONFIDENTIAL." Such information, documents, or communications produced by Non-Parties in connection with the Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections. A "Non-Party" is defined to include all third-parties who receive subpoenas or other requests for information, documents, or communications in the Action.

    9.2    The Parties reserve the right to designate information, documents, or communications produced by any Non-Party in the Action as "CONFIDENTIAL" in accordance with the terms of this Order.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any Person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the Person or Persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such Person or Persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit 1.

    10.1    By making Protected Material available to the other Party, the Producing Party does not waive any confidentiality, and the Receiving Party acknowledges and agrees that, by making such materials available, the Producing Party has not waived any such confidentiality, or disclosed any proprietary or confidential information, trade secret, or any other business or confidentiality.

By receiving information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," the Receiving Party does not acknowledge or agree that such materials are entitled to such designation and does not waive the right to contest such designation by way of application to this Court.

10.2 The Receiving Party shall promptly destroy, sequester, or return to the Disclosing Party any Protected Material discovered by the Disclosing Party or the Receiving Party to have been disclosed inadvertently. If the Receiving Party disclosed the Protected Material before being notified of the Disclosing Party's claim of protection, it must take reasonable steps to retrieve the item for destruction, sequestering, or return to the Disclosing Party.

10.3 No Party will be responsible to another Party for disclosure of Protected Material under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

11. **MISCELLANEOUS**

11.1 Admissibility of Evidence at Trial. Nothing contained in this Order limits or stipulates to the admissibility of evidence at trial.

11.2 Right to Further Relief. Any Party or Person may seek modification of this Order at any time by this Court.

11.3 Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Order.

11.4 Filing Protected Material. Parties that intend to file documents containing Protected Material with this Court shall redact that portion of the document containing the Protected Material. If it is not possible to file the document as redacted without revealing

Confidential Information, the party can move to have the Protected Material filed under seal in accordance with the applicable Federal Rules of Civil Procedure and the Local Rules, including Southern District of Florida Local Rule 5.4. The Designating Party shall cooperate in facilitating the Court's review and consideration of the filing party's request.

12.    **FINAL DISPOSITION**

Within 60 days after the final disposition of the Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4.

**DONE AND ORDERED** in Chambers in West Palm Beach Florida, this _____ day of June, 2025.

_____
UNITED STATES DISTRICT JUDGE
DONALD M. MIDDLEBROOKS

-15-

# EXHIBIT 1

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], hereby acknowledge that I have received a copy of the Omnibus Protective Order and Order Under Federal Rule of Evidence 502(d), as docketed in the action *Robin Fleming, et al. v. Glenn F. Straub at el.*, Case No. 24-cv-81507 (S.D.F.L.) (Middlebrooks, J.) (the "**Action**"), pending before the United States District Court for the Southern District of Florida (the "**Order**"). I agree and acknowledge that I have read the Order and understand the obligations and restrictions imposed upon me thereby. I agree to be bound by the Orders' terms and conditions.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of Florida for the purposes of enforcing the terms and provisions of this Order, even if such enforcement proceedings occur after termination of the Action.

Executed this \_\_\_\_\_ day of _____, 20\_\_ in _____.
                                                                                         (city and state)

Printed name: _____

Signature: _____