UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-81507-CV-MIDDLEBROOKS

ROBIN FLEMING, MISS AMERICA IP,
INC., MISS AMERICA'S SCHOLARSHIP
FOUNDATION, INC., and MAO IP
HOLDING COMPANY, LLC,

    Plaintiffs,

v.

GLENN F. STRAUB, CRAIG T. GALLE,
KATHLEEN A. FIALCO, and PALM BEACH
POLO, INC.,

    Defendants.
_____/

## ORDER REQUIRING RESPONSE TO COURT INTERROGATORIES AND WITHDRAWAL OF THE BANKRUPTCY REFERENCE

On January 30, 2026, and February 2, 2026, I held an evidentiary hearing on Plaintiffs' Motion for Sanctions. (DE 97). During the evidentiary hearing, I heard testimony from Robin Fleming, Craig Galle and Glenn Straub.

While I have requested proposed findings of fact from the Parties and will issue a detailed order, additional investigation is necessary before I do so. I have concluded that the December 28, 2022, operating agreement attached to the Amended Counterclaim (DE 65-2) as Exhibit 2 is a fabrication. The December 28, 2022 Agreement for MAIP, attached to the Counterclaim as Exhibit 3 (DE 65-3), is also fraudulent. Likewise, meeting minutes for meetings purportedly held on December 28, 2022, and January 5, 2023 are fabrications.

Those documents were utilized not only in this case but also in Palm Beach County Circuit Court for the Fifteenth Judicial Circuit of Florida, in Case No. 50-2024-CA-003851-XXA-MB,

and in United States Bankruptcy Court, in Case No. 24-22288-EPK (the "Related Cases"). The authenticity of these documents was raised at an early stage in both of these proceedings.

I am considering sanctions under Rule 11 of the Federal Rules of Civil Procedure and the Court's inherent authority. *See Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991). To render a fully informed decision regarding the pending sanctions motion, and pursuant to Rule 11 and the inherent powers of this Court, the attorneys listed below are required to address the following questions in writing and file their answers in the court record **no later than February 27, 2026**:

1) What was the source of the document(s) you utilized in your filings and arguments in the Related Cases? Please specify the person who provided the document(s).

2) What, if any, pretrial investigation did you conduct with respect to the authenticity of these documents prior to their use in the Related Cases?

3) Upon learning of the claim of fabrication, what investigation, if any, did you conduct into the legitimacy of the document(s)?

4) What reason, if any, do you contend absolves you and your firm from the imposition of sanctions?

A written response to each of the above questions is required from the following attorneys:

1) Larry A. Zink
   Zink, Zink & Zink Co., LPA

2) C. Craig Eller
   Kelley, Kaplin Delaney and Eller, PLLC

3) William R. Clayton
   Migurl Aristizabal
   Clayton Trial Lawyers, PLLC

4) Todd A. Levine
   Terri Ellen Tuchman Meyers
   Kluger, Kaplan, Silverman, Katzen & Levine, P.L.

3

Moreover, for the reasons stated above, and for the more detailed findings that will follow, I conclude that withdrawal of the reference is warranted. Pursuant to 28 U.S.C. § 157(d), and to the extent necessary to accord full and effective relief, the Court hereby withdraws the reference of the Chapter 11 bankruptcy case currently pending in the United States Bankruptcy Court for the Southern District of Florida, Miss America Competition, LLC, Case number 24-22285-EPK.

**SIGNED** in Chambers at West Palm Beach, Florida, this 17th day of February, 2026.

Donald M. Middlebrooks
United States District Judge

Copies to: Counsel of Record