IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 24-81507-CV-MIDDLEBROOKS/MATTHEWMAN

ROBIN FLEMING, MISS AMERICA IP,
INC., MISS AMERICA'S SCHOLARSHIP
FOUNDATION, INC., and MAO IP
HOLDING COMPANY, LLC,
    Plaintiffs,

v.

GLENN F. STRAUB, CRAIG T. GALLE,
KATHLEEN A. FIALCO, and PALM
BEACH POLO, INC.,
    Defendants.
_____/
GLENN F. STRAUB and PALM BEACH
POLO, INC.,
    Counter-Plaintiffs,

v.

ROBIN FLEMING,
    Counter-Defendant.
_____/

**PLAINTIFFS' OPPOSITION TO KLUGER, KAPLAN,
SILVERMAN, KATZEN & LEVINE, P.L.'S MOTION TO
<u>WITHDRAW AS COUNSEL FOR DEFENDANTS/COUNTER-PLAINTIFFS</u>**

Plaintiffs Robin Fleming, Miss America IP, Inc., Miss America's Scholarship Foundation, Inc., and MAO IP Holding Company, LLC ("Plaintiffs"), by and through undersigned counsel, hereby submit their opposition to Kluger, Kaplan, Silverman, Katzen & Levine, P.L.'s ("Kluger Kaplan") Motion to Withdraw as Counsel for Defendants/Counter-plaintiffs (the "Motion") (ECF No. 201).

**ARGUMENT**

The Court should deny the Motion for several reasons. First, allowing Kluger Kaplan's withdrawal at this stage would prejudice Plaintiffs by further delaying resolution of this case, which has been pending for over 15 months. Bringing in new counsel would likely result in a lengthy delay in completing discovery (which is otherwise nearing completion), other case deadlines, and trial.

Second, and relatedly, Kluger Kaplan requested a 30-day stay of all deadlines and events in this case so Defendants can locate and engage new counsel. Plaintiffs submit they would be prejudiced by any stay, that the case should not be stayed, and that any change in the case schedule should be addressed before Judge Matthewman following the Court's transfer of the case.

Third, Plaintiffs may seek sanctions against Kluger Kaplan for their failure to turn over critical documents in accordance with Judge Matthewman's December 11, 2025 Order (ECF No. 140) requiring Defendants to produce documents to Plaintiffs by December 26, 2025. Specifically, Defendants withheld emails from April 2024 attaching (a) a draft Miss America Competition, LLC operating agreement [PX28], and (b) unsigned copies of operating agreements for Miss America Competitions, LLC and Miss America IP, LLC [PX29]. These critical documents were not produced to Plaintiffs until January 28, 2026 (the eve of the evidentiary hearing). Notably, they were also produced *after* the depositions of all three Defendants (Mr. Straub, Mr. Galle, and Ms. Fialco), and *after* the mediation in this case (at which Plaintiffs settled the case as to Mr. Galle and Ms. Fialco). Kluger Kaplan knew about these critical documents as early as September 23, 2025, as they were referenced in the affidavit Mr. Galle submitted to this Court (ECF No. 104-1).[1] Kluger

---

[1] Tellingly, in response to the Court's interrogatories to counsel (ECF No. 196), neither Kluger Kaplan nor any of Defendants' other three sets of counsel addressed when they became aware of these critical documents in their "due diligence" process. Kluger Kaplan does, however, admit to

Kaplan should not be permitted to escape the consequences of violating Judge Matthewman's order by withdrawing from the case. Thus, to the extent Kluger Kaplan is permitted to withdraw, Plaintiffs reserve their right and should expressly be permitted to nonetheless seek sanctions against Kluger Kaplan for such conduct.

Fourth, Kluger Kaplan does not provide good cause for withdrawal, citing only "irreconcilable differences" with Defendants and arguing that the Court's February 17, 2026 Order "has generated a clear conflict that prevents Kluger Kaplan from proceeding as counsel…" To the contrary – Plaintiffs cannot discern any purported "conflict" that has arisen from the Court's Order.

For these reasons, Plaintiffs request that the Court deny the Motion and, following issuance of its order on sanctions, transfer the case to Judge Matthewman so that the parties may proceed towards a final resolution.

Dated: March 3, 2026

                                              Respectfully submitted,

/s/ *Charlie C. H. Lee*
Charlie C.H. Lee (Florida Bar No. 96671)
MOORE & LEE, P.C.
3835 PGA Boulevard, Suite 201
Palm Beach Gardens, Florida 33410
Telephone: (703) 506-2050
c.lee@mooreandlee.com

Benjamin G. Chew (*pro hac vice*)
Jessica N. Meyers (*pro hac vice*)
Andrew C. Crawford (*pro hac vice*)
John G. Doyle (*pro hac vice*)
Nina C. Franco (*pro hac vice*)

---

drafting the affidavit submitted by Mr. Galle (*see* ECF No. 200 at 10-11), evidencing their awareness of the documents in September 2025.

SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006-6801
Telephone: (202) 747-1900
Facsimile: (202) 747-1901
bchew@sheppardmullin.com
jmeyers@sheppardmullin.com
acrawford@sheppardmullin.com
jdoyle@sheppardmullin.com
nfranco@sheppardmullin.com

*Attorneys for Plaintiffs*
