**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

CASE NO. 24-81507-CV-MIDDLEBROOKS/MATTHEWMAN

ROBIN FLEMING, MISS AMERICA IP,
INC., MISS AMERICA'S SCHOLARSHIP
FOUNDATION, INC., and MAO IP
HOLDING COMPANY, LLC,
     Plaintiffs,

v.

GLENN F. STRAUB, CRAIG T. GALLE,
KATHLEEN A. FIALCO, and PALM
BEACH POLO, INC.,
     Defendants.

                                   /

## DECLARATION OF ROBIN FLEMING IN SUPPORT OF FEE PETITION

Pursuant to 28 U.S.C. § 1746, I, Robin Fleming, declare as follows:

1.  I am a Plaintiff in the above-captioned action, along with several entities I control: Miss America IP, Inc., Miss America's Scholarship Foundation, Inc., and MAO IP Holding Company, LLC (collectively "Plaintiffs").

2.  I submit this declaration in accordance with the Court's March 9, 2026 Order on Sanctions [ECF No. 210] in support of Plaintiffs' attorneys fee award.

3.  This declaration is based on my personal knowledge.

4.  I have retained two law firms to primarily represent me in this case: Carlton Fields and Sheppard Mullin. From November 2024 through November 2025, Carlton Fields served as lead counsel while Sheppard Mullin handled only the defamation-related aspects of the case. In November 2025, Sheppard became lead counsel.

-1-

-2-

5.   Exhibit 3 to the Declaration of Benjamin G. Chew are true and correct copies of invoices I received from Sheppard. As of the filing of this declaration, all of Sheppard's invoices, totaling **$1,946,313.40**, have been paid in full. I view the rates and the hours as reasonable for the work done.

6.   Exhibit 5 to the Declaration of Benjamin G. Chew are true and correct copies of invoices I received from Carlton Fields. While I view the rates as reasonable, I do not believe those invoices to be reasonable as to the hours. In the above-captioned action, Carlton Fields billed me **$3,858,891.68** (including $15,812.18 in costs). I have paid $2,390,644.86, and am in active negotiations with Carlton Fields to resolve our dispute. In light of this dispute, Plaintiffs only claim **$2,390,644.86** in fees, though of course if the Court determines that Carlton Fields' fees are reasonable in their entirety (or some amount above what Plaintiffs claim is reasonable), Plaintiffs will accept that determination.

7.   Exhibit 6 to the Declaration of Benjamin G. Chew is a true and correct copy of the invoice I received from Carlton Fields in connection with the Southern District of Florida Bankruptcy case (No. 24-22288 EPK) totaling $116,115.[1] While I view the rates as reasonable, I do not believe this invoice to be reasonable as to the hours. I have paid **$67,495** which is an amount I believe to be reasonable based on the work performed. In light of this view, Plaintiffs only claim **$67,495** in fees in connection with this invoice pursuant to the Court's order, though of course if the Court determines that Carlton Fields' fees are reasonable in their entirety (or some amount above what Plaintiffs claim is reasonable), Plaintiffs will accept that determination.

---

[1] Carlton Fields billed additional time related to the bankruptcy in the invoices for the underlying litigation, which fees ($100,474) are captured in Paragraph 6 above.

-3-

8.   Exhibit 10 to the Declaration of Benjamin G. Chew are true and correct copies of invoices I received from local counsel Moore & Lee totaling **$55,915** in fees and $190.09 in costs. As of the filing of this declaration, all of Moore & Lee's invoices have been paid in full. I view the rates and the hours as reasonable for the work done.

9.   Exhibit 4 to the Declaration of Benjamin G. Chew are true and correct copies of invoices I received from local counsel Jayaram PLLC totaling **$26,520** in fees and **$435.16** in costs. As of the filing of this declaration, I have paid $10,000 towards these bills, two of which were only issued within the last month.

10. Exhibits 7, 9, and 11-13 to the Declaration of Benjamin G. Chew are true and correct copies of invoices I received from various experts retained in connection with this case. As of the filing of this declaration, I have paid all of those invoices in full.

11. Exhibit 8 to the Declaration of Benjamin G. Chew is a true and correct copy of the invoice I received from expert Larry Stewart. The invoice was issued March 13, 2026 and is not due until April 12, 2026.

Dated: March 31, 2026

-3-