**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 24-81507-CV-MIDDLEBROOKS

ROBIN FLEMING, et al.,

Plaintiffs,

v.

GLENN F. STRAUB, et al.,

Defendants.

_______________________________________/

**ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND DEFENDANTS' MOTION FOR SANCTIONS**

THIS CAUSE comes before the Court upon Plaintiffs' Motion for Leave to Amend the Third Amended Complaint (DE 353) and Defendants' Motion for Sanctions (DE 348). The Motions are fully briefed. (DE 358, 359, 360 and 368). For the following reasons, the motion to amend is granted and the motion for sanctions is denied.

Plaintiffs seek leave to amend the Third Amended Complaint ("TAC," DE 343) to remove language in paragraph 341 of the TAC which states that Olga Litvinenko ("OL") alleges a violation of Fla. Stat. § 838.15 in her prior federal lawsuit. OL's allegations matter in this case because Plaintiffs rely on OL's experience with Defendant Straub as one of several predicate acts supporting their federal and state RICO claims. Plaintiffs allege that Straub engaged in a pattern of coercive sexual conduct directed at multiple women, including OL, involving demands for sexual acts tied to employment opportunities. *See* TAC ¶¶ 337–341. Plaintiffs incorporate OL's allegations into their RICO counts to help establish both the existence of "racketeering activity" and the "pattern" required under 18 U.S.C. § 1962 and Fla. Stat. § 895.03. As part of that theory, paragraph 341 of the Third Amended Complaint stated that OL alleges a violation of § 838.15 in

her prior federal lawsuit, and Plaintiffs cited that supposed violation as a predicate act supporting both federal and state RICO claims.

Defendants contend that this cross-reference is a factual misrepresentation because OL's complaint in her separate federal action pleads only Title VII and Florida Civil Rights Act claims and does not allege a violation of § 838.15 or mention commercial bribery at all. *See* DE 348 at 1–4. Defendants argue that Plaintiffs' statement about what OL alleges is therefore false, and that Plaintiffs' refusal to immediately withdraw the allegation—followed by conditional offers to revise or excise it—demonstrates bad faith warranting sanctions under both § 1927 and the Court's inherent authority. Defendants' theory is that Plaintiffs improperly imported a predicate act into this case by inaccurately describing the contents of OL's pleading, thereby expanding the scope of their RICO claims through a misstatement of fact.

Plaintiffs dispute that paragraph 341 contains a "falsehood." They explain that the challenged sentence was not intended as a literal description of the claims pleaded in OL's complaint, but rather as an inartful or ambiguous characterization of OL's factual allegations, which Plaintiffs contend involve conduct that could be understood as commercial bribery. *See* DE 359 at 3–6. Plaintiffs further note that the language originated with prior counsel and appeared in multiple versions of the complaint dating back to 2024, and that Defendants did not raise any objection until July 29, 2026. *Id.* at 2–3. Once notified, Plaintiffs twice offered to remove or revise the challenged language, but Defendants rejected both offers. *Id.* at 3–4. Plaintiffs then moved to amend paragraph 341 to eliminate the reference to § 838.15 entirely. *See* DE 353.

Because the deadline for amending pleadings has passed, Plaintiffs must demonstrate good cause under Rule 16(b)(4). The Eleventh Circuit has held that Rule 16's good cause standard focuses primarily on the diligence of the party seeking amendment. *See Sosa v. Airprint Sys., Inc.*,

133 F.3d 1417, 1418–19 (11th Cir. 1998). Good cause exists when the schedule cannot be met despite the moving party's diligence. *Id.* Plaintiffs satisfy this standard. The challenged language was inherited from prior counsel, Defendants waited nearly two years to raise any objection, and Plaintiffs acted promptly once the issue was brought to their attention. Plaintiffs' diligence in addressing the matter once raised constitutes good cause under Rule 16(b)(4). I also note that Plaintiff does not seek to add any new theories or claims. The proposed amendment is merely a clarifying edit.

Having found good cause, I turn to Rule 15(a)(2). Under Rule 15, leave to amend should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has emphasized that this mandate is to be applied liberally. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Eleventh Circuit likewise instructs that a court should deny leave to amend only when there is undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). None of those circumstances is present here. Defendants state that they "do not ask the Court to deny leave to amend," though they oppose two discrete aspects of the proposed Fourth Amended Complaint.

First, Defendants argue that revising paragraph 341 to remove the reference to § 838.15 has the effect of eliminating OL's only alleged predicate act. Defendants contend that OL's allegations cannot support any federal racketeering predicate without the § 838.15 reference, and therefore OL's allegations should not remain incorporated into the federal RICO counts in the Fourth Amended Complaint. Plaintiffs dispute this characterization, asserting that OL's factual allegations independently support a federal predicate under 18 U.S.C. § 2421 regardless of how paragraph 341 is worded.

Second, the parties agree that claims asserted against Craig Galle and Kathleen Fialco should be removed because both individuals were dismissed with prejudice earlier in this litigation. Defendants raise this issue in their response to the motion to amend, arguing that these claims should not appear in the Fourth Amended Complaint. *See* DE 358 at 6. Plaintiffs confirm in their reply that they do not oppose striking those claims. *See* DE 360 at 4. Accordingly, all portions of the Fourth Amended Complaint asserting claims against Galle or Fialco shall be stricken as asserted against non-parties.

Before addressing Defendants' argument concerning OL's ability to support a federal predicate act, I first note why it is appropriate to resolve that issue at this stage. Defendants contend that Plaintiffs' revision to paragraph 341 eliminates OL's only predicate act and therefore precludes OL's allegations from being incorporated into the federal RICO counts. This is not a Rule 12(b)(6) argument directed at the sufficiency of an already-filed complaint; it is an argument that the amendment is futile. Because I must determine the proper contents of the Fourth Amended Complaint before granting leave to amend, it is appropriate to resolve this issue now rather than defer it to a later motion-to-dismiss stage. Addressing the issue at this juncture also avoids unnecessary future motion practice and clarifies the operative pleading going forward.

Turning to Defendants' predicate act argument, Defendants contend that OL's only alleged predicate act was the purported violation of Fla. Stat. § 838.15, and that by removing that reference, Plaintiffs have eliminated OL's sole predicate act. In Defendants' view, OL's allegations now support no predicate offense at all, and therefore cannot be incorporated into the federal RICO causes of action. Plaintiffs respond that paragraph 341 was never intended to be an exhaustive list of all predicate offenses supported by OL's allegations, and that OL's factual allegations independently support a federal predicate under 18 U.S.C. § 2421. Plaintiffs point to the allegations

that Straub induced OL to travel from Connecticut to Florida under false pretenses, intending that she engage in criminally chargeable sexual activity. Plaintiffs contend that these allegations, if proven, plausibly state a violation of § 2421, which is expressly enumerated as a racketeering predicate under 18 U.S.C. § 1961(1).

I agree with Plaintiffs. The factual allegations concerning OL are sufficient to support a federal predicate under § 2421 regardless of how paragraph 341 is worded. *See Sams v. United Food and Commercial Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir.1989) ("A compliant need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.") Because OL's allegations continue to support a federal predicate offense, I will not deny amendment on this basis.

Next, I address Defendants' motion for sanctions. Even assuming the challenged sentence in paragraph 341 was inaccurate, the record does not support a finding of bad faith. The allegation was inherited from prior counsel, remained unchallenged for nearly two years, and Plaintiffs acted promptly to correct it once the issue was raised. Plaintiffs' efforts to revise or excise the language—efforts Defendants declined—are inconsistent with the knowing or reckless continuation of a baseless position required for sanctions under § 1927. *See Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1240-42 (11th Cir. 2007). Nor does the record support the subjective bad faith required for inherent power sanctions. Plaintiffs' conduct bears no resemblance to the egregious misconduct warranting sanctions under *Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991), or *Eagle Hospital Physicians, LLC v. SRG Consulting, Inc*., 561 F.3d 1298 (11th Cir. 2009). Because Defendants have not demonstrated bad faith under either § 1927 or the Court's inherent authority, the motion for sanctions must be denied.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1) Plaintiffs' Motion for Leave to Amend the Third Amended Complaint (DE 353) is **GRANTED.** Plaintiff shall separately file the Fourth Amended Complaint no later than August 31, 2026.

**2)** Defendants' Motion for Sanctions (DE 348) is **DENIED.**

**SIGNED** in Chambers at West Palm Beach, Florida, this 27th day of August, 2026.

Donald M. Middlebrooks
United States District Judge

Copies to: Counsel of Record