**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CASE NO. 24-81507-CV-MIDDLEBROOKS/MAYNARD

ROBIN FLEMING, MISS AMERICA IP,
INC., MISS AMERICA'S SCHOLARSHIP
FOUNDATION, INC., and MAO IP
HOLDING COMPANY, LLC,

Plaintiffs,

v.

GLENN F. STRAUB AND
PALM BEACH POLO, INC.,

Defendants.
_______________________________________/

**PLAINTIFFS' MOTION FOR SANCTIONS**

Plaintiffs, pursuant to Fed. R. Civ. P. 37 and S.D. Fla. L.R. 26.1, move to compel the production of documents and for sanctions against Defendants Glenn F. Straub and Palm Beach Polo, Inc. ("PBP" and collectively, "Defendants") for failure to comply with this Court's prior discovery orders [ECF Nos. 140 and 335], and in support thereof, states as follows:

**BACKGROUND**

On June 5, 2025, Plaintiffs served their First Requests for Production ("RFPs") to Defendants seeking, among other things, documents and communications relating to Defendants' claimed ownership of the Miss America entities, including communications with key third parties and custodians. [ECF No. 117-2]. On June 6, 2025, Plaintiffs served their Second Set of RFPs to Defendants seeking various ESI categories central to the merits, including communications between Mr. Straub and: his daughter, Kelly Straub Hull (Request No. 4), various individuals involved in Defendants' attempted theft of Miss America (Request No. 5), and the women who are the subject of Plaintiffs' RICO claims (request Nos. 6 and 17); as well as communications relating to the May 3 and 10, 2024 Zoom calls (Request Nos. 13 and 18), and the creation/registration of the press@missamericapress.com domain (Request No. 16). [ECF No. 117-3].

After continued deficiencies, on November 13, 2025, Plaintiffs moved to compel production of these and other documents. [ECF No. 117]. Following this filing, the parties met and conferred on numerous occasions, including on December 4, 2025, when Plaintiffs' counsel sent an email detailing some of the notable deficiencies with Defendants' productions to that point. *See* Ex. 1. The parties continued to meet and confer in advance of the December 9, 2025 oral argument set by the Court. By the time of the oral argument, the parties had resolved the issues in dispute and Defendants had agreed to produce all outstanding documents "responsive to our requests []including those identified in [counsel's] email." *See id.*; ECF No. 143 (transcript of December 9, 2025 hearing reflecting Defendants' agreement to produce requested documents). As a result of

the parties' agreement, on December 11, 2025, the Court issued an order granting Plaintiffs' motion to compel and required Defendants to produce the previously agreed-upon communications and documents with metadata by **December 26, 2025**. [ECF No. 140].

While Defendants made a document production on December 26, 2025, it was woefully insufficient, with large categories of highly relevant documents still missing. Over the course of the next several months, Plaintiffs sent additional emails (to both Defendants' prior and current counsel) identifying the ongoing deficiencies. *See* Ex. 2; Ex. 3. Defendants did not provide any substantive or meaningful response. Plaintiffs brought this to the Court's attention again at a July 24, 2026 hearing, which resulted in the Court again ordering production of all documents by **August 6, 2026**. [ECF No. 335; ECF No. 374]. Despite the significant volume of outstanding discovery, Defendants produced a total of 10 documents on that date – a previously-produced tax return, and nine duplicate copies of a near fully redacted payment record to a third-party. Plaintiffs are left with no choice but to bring this motion.

## ARGUMENT

Rule 37 authorizes a menu of sanctions for a party's failure to obey a discovery order, including an award of attorneys' fees, directing that facts be taken as established for purposes of the action, and prohibiting the disobedient party from supporting or opposing designated claims or defenses. *See* Fed. R. Civ. P. 37(b)(2). Here, the Court has **twice** ordered Defendants to produce responsive, critically important documents. Defendants have failed to do so and are thus in contempt of the Court's orders. While the deficiencies are laid out in detail in Plaintiffs' prior motion to compel and subsequent correspondence attached to this motion (Ex. 1, 2, and 3), some examples include:

- Defendants have not produced communications with witnesses relevant to Plaintiffs' RICO claims (including Jessica Nicodemo, Kerri Will, Olga Litvinenko). These are documents Plaintiffs know exist. *See, e.g.*, Ex. 4 at ¶¶ 16, 42, 44, 48, 49, 54-58, 61, 62, 65, 70-74, 82-98, 101-106, 110, 112-128, 131-141, 147-48, etc. (detailing *extensive* text messages and phone calls between Mr. Straub and Kerri Will)[1]; Ex. 5 at ¶¶ 20-21 (detailing extensive text messages between Mr. Straub and Jessica Nicodemo).[2] None of these has been produced, and they are highly relevant to Plaintiffs' RICO claims.[3]

- In a May 3, 2024 zoom call, Straub bragged about the "hundreds" of emails he had received from various stake holders regarding his ownership claim. These emails were sent to/from either Mr. Straub's personal email addresses (he has two), or one of two email domains Mr. Straub set up: Press@missamericapress.com and missamericacommunications@gmail.com. *See* Ex. 8, Tr. 79:5-9; Ex. 9. Third-party Stacy Annone's counsel confirmed the latter account has "more than hundreds of emails in it" and that "Mr. Straub or his minions" have access. *See* Ex. 10. Ms. Annone further confirmed in her deposition that Mr. Straub had access to the account he created (Ex. 8, Tr. 81:5-7),[4] that Mr. Straub received "a lot of questions…asking to show proof of ownership," and

---

[1] The messages between Mr. Straub and Ms. Will take place in late 2022 into mid-2023. Mr. Straub produced hundreds of text messages between himself and Plaintiff Ms. Fleming during the same time period.

[2] Defendants have produced a limited number of screen-shotted messages with Ms. Nicodemo, but not the texts alleged in Ms. Nicodemo's complaint.

[3] It appears no legitimate search of Mr. Straub's devices has taken place. On August 10, 2026, *after* the close of discovery, Defendants' counsel emailed former Defendant and adjudicated fraudster Craig Galle "Has anyone searched glenn's phone for text messages with any of the RICO women?" Ex. 6. Galle responded by forwarding a complaint filed by Ms. Nicodemo "which details text messages" between her and Straub. *Id.* Defendants' counsel then forwarded that complaint to Plaintiffs' counsel, as if in satisfaction of their discovery obligations. *Id.* This is plainly insufficient, especially in light of the fact that in his most recent deposition, Straub routinely denied sending text messages identified in the complaints filed by the RICO women. Ex. 7 at 133:1-135:23.

[4] Third-party Chase Scott confirmed the same. *See* Ex. 11, Tr. 227:15-17.

that she would send emails on his behalf to respond, including sending copies of the fraudulent operating agreements and defamatory letters to these third-parties. *See, e.g.*, Ex. 8, Tr. 31:21-32:21; 149:8-150:5.[5] Again, these are critical documents, none of which have been produced. Following Mr. Straub's Zoom calls, where he falsely proclaimed himself the owner of Miss America, many of the local-level directors disassociated with the organization, resulting in significant lost revenues. These documents are directly relevant to both liability and damages.

- Defendants have not produced <u>any</u> employment records or documents reflecting payments made to third-parties Chase Scott, Lauren Malis, Melissa Hornung, or Joe Annone. Defendants claim Ms. Fleming was an employee/independent contractor, just like these individuals. Payments to these individuals is relevant to disputing that narrative. Defendants have also produced only *de minimis* communications with these individuals, a number of which are improperly marked privileged and withheld from production. Ex. 12. These are third-party independent contractors; communications with them do not fall within any privilege and must be produced.

In short, instead of producing the documents and discovery that Defendants were required by multiple Court orders to produce (first in December 2025 then again in July 2026), they have instead chosen to inundate the Court and Plaintiffs with 15 separate (largely frivolous) motions over the course of the last two months, driving up Plaintiffs' legal fees and distracting from Defendants' willful non-compliance. This behavior is consistent with Defendants' repeated and flagrant disregard for the Court and the judicial process. Of course, for starters, Defendants submitted fraudulent documents to the Court in support of their now-dismissed $20 million counterclaim [ECF No. 210]. And despite this Court's order to produce responsive documents and

[5] Ms. Annone testified that Mr. Straub received communications about ownership on both the email account that she set up (missamericacommunications@gmail.com) as well as his personal email account. *See* Ex. 8, Tr. 73:16-25; 79:23-80:3. None have been produced.

communications by December 26, 2025, Defendants withheld smoking-gun emails and documents that conclusively proved Defendants' fraud on the Court, until the day before the sanctions hearing that took place on January 30, 2026, over one month ***after*** the Court's production deadline.[6] Judge Middlebrooks rightfully expressed that he was "concerned" by Defendants' late production of documents, and later pointed out Straub's dismissive attitude towards the court when he spouted off to the press about "a little district judge makes a ruling on a little issue," after he was previously sanctioned $80,000. *See* Sanctions Hearing Day 2, Feb. 2, Tr. 72:20; 169:6-10.

Plaintiffs have been exceedingly patient, notifying Defendants' latest set of counsel of the deficiencies back in April but allowing time for them to get situated with the case. At the July 24, 2026 hearing, Judge Matthewman advised that he wanted documents produced so the upcoming party depositions would be fair. ECF No. 374 at 18:5-13. Instead, Defendants have once again blatantly disregarded their discovery obligations and this Court's orders. Plaintiffs have no choice but to bring this motion and seek the relief laid out in the proposed order submitted herewith and any other relief that the Court deems just and proper.[7]

---

[6] Defendants were clearly aware of these documents and had them in their possession long before they were produced, as evidenced by the fact that the documents were referenced in Mr. Galle's affidavit filed with the Court on September 23, 2025 (*see* ECF No. 104-1 at ¶¶ 30, 31, 36, 40). In any event, Plaintiffs identified them very specifically in email correspondence on December 4, 2025, in advance of the oral argument on Plaintiffs' original motion to compel. *See* Ex. 1 (requesting specifically "The versions of the Miss America operating agreements that Mr. Galle re-typed in August 2023", "The email and attachment from Mr. Galle to Rina Osle in April 2024 attaching a version of the MAC Operating Agreement", and "The email and re-typed operating agreement that Mr. Galle sent to Mr. Straub in April 2024"). And despite their agreement to produce these critical documents by December 26, 2025, in a calculated and intentional move, Defendants withheld them until January 28, 2026 – *after* the depositions of the Defendants and *after* the initial mediation held in this case where Plaintiffs settled with Defendant Galle.

[7] *See, e.g.*, *Coquina Invs. v. Rothstein*, 2012 WL 3202273 (S.D. Fla. Aug. 3, 2012), *aff'd sub nom. Coquina Invs. v. TD Bank, N.A.*, 760 F.3d 1300 (11th Cir. 2014) (discovery failures warranted sanction in the form of taking as established that defendant's monitoring and alert systems were unreasonable and that defendant had actual knowledge of Ponzi schemer's fraud. Court also ordered defendant to pay plaintiff's attorney's fees).

**CERTIFICATE OF CONFERRAL**

Plaintiffs have in good faith conferred with Defendants in an effort to obtain the required discovery without court action. Specifically, Plaintiffs sent numerous emails and spoke numerous times on the phone with Defendants' counsel, including on August 10, 2026.

Dated: August 27, 2026

Respectfully submitted,

*/s/ Maia Dombey*

Charlie C.H. Lee (Florida Bar No. 96671)
Maia Dombey (Florida Bar No. 1024869)
**MOORE & LEE, P.C.**
3835 PGA Boulevard, Suite 201
Palm Beach Gardens, Florida 33410
Telephone: (703) 927-2425
c.lee@mooreandlee.com

Benjamin G. Chew (*pro hac vice*)
Jessica N. Meyers (*pro hac vice*)
Andrew C. Crawford (*pro hac vice*)
John G. Doyle (*pro hac vice*)
Nina C. Franco (*pro hac vice*)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
2099 Pennsylvania Avenue, NW
Suite 100
Washington, DC 20006
Telephone: (202) 747-1900
bchew@sheppard.com
jmeyers@sheppard.com
acrawford@sheppard.com
jdoyle@sheppard.com
nfranco@sheppard.com

*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY I filed the foregoing with the Court by uploading to the CM/ECF system for the Southern District of Florida and that a true and correct copy of the foregoing has been furnished via Notice of Electronic Filing to all registered parties and counsel, on this 27th day of August 2026.

*/s/ Maia Dombey*