**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 24-81507-CV-MIDDLEBROOKS

ROBIN FLEMING, et al.,

Plaintiffs,

v.

GLENN F. STRAUB, et al.,

Defendants.

_______________________________________/

**OMNIBUS ORDER**

THIS CAUSE is before the Court upon Defendants' Motion in Limine to Bifurcate Punitive Damages (DE 311); Defendants' Motion to Exclude the Court's Sanctions Order, Evidence of Document Fabrication and Sanctions Fee Award (DE 312) and Defendants' Motion in Limine to Preclude Plaintiffs from Offering Evidence or Argument concerning Jeffrey Epstein (DE 372). The motions are fully briefed. (DE 328, 331, 345, 346). For the following reasons, the motions are denied.

Defendants seek to bifurcate this trial into two stages, such that the jury shall not consider any evidence relating to the amount of punitive damages—including evidence of Defendants' net worth or financial condition—unless the jury has first returned a verdict in Phase I finding (i) Defendants liable on one or more claims for which punitive damages are recoverable, and (ii) that Plaintiffs are entitled to an award of punitive damages on such claim or claims.(DE 311 at 1).

Notably, Defendants previously sought to bifurcate this case at the discovery stage, which I denied. In so doing, I stated that bifurcation would not promote judicial efficiency. (DE 154). The same analysis applies here. The issues and witnesses substantially overlap, and separate trials

would result in duplication rather than economy. While Federal Rule of Civil Procedure 42(b) authorizes the Court to order separate trials on one or more separate issues "[f]or convenience, to avoid prejudice, or to expedite and economize," I find that these goals would not be met by bifurcation, and I exercise my discretion to deny bifurcation. *See Harrington v. Cleburne Cnty. Bd. of Educ.*, 251 F.3d 935, 938 (11th Cir. 2001) ("Fed. R. Civ. P. 42(b) confers broad discretion on the district court in this area."), To the extent, Defendants are concerned about undue prejudice from particular evidence or testimony they may object and I will hear argument at the appropriate time.

Likewise, with respect to Defendants' motions in limine (DE 312, 372), these motions anticipate various arguments and/or areas of inquiry that the Parties might raise at trial. As such, the motions in limine are speculative and more appropriate for resolution with the benefit of full context. If the scenarios described in the motions actually arise at trial, Defendants may object, and I will hear arguments and rule on these evidentiary issues at the appropriate time.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1) Defendants' Motion in Limine to Bifurcate Punitive Damages (DE 311) is **DENIED**.
2) Defendants' Motion to Exclude the Court's Sanctions Order, Evidence of Document Fabrication and Sanctions Fee Award (DE 312) is **DENIED WITHOUT PREJUDICE**.
**3)** Defendants' Motion in Limine to Preclude Plaintiffs from Offering Evidence or Argument concerning Jeffrey Epstein (DE 372) is **DENIED WITHOUT**

**PREJUDICE**.

**SIGNED** in Chambers at West Palm Beach, Florida, this 28th day of August, 2026.

Donald M. Middlebrooks
United States District Judge

Copies to: Counsel of Record