**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-81507-CIV-MIDDLEBROOKS/MAYNARD**

**ROBIN FLEMING, MISS AMERICA IP, INC., MISS AMERICA'S SCHOLARSHIP FOUNDATION, INC., and MAO IP HOLDING COMPANY, LLC,**

**Plaintiffs,**

**v.**

**GLENN F. STRAUB and PALM BEACH POLO, INC.,**

**Defendants.**
_________________________________/

FILED BY SW D.C.
Sep 1, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before me upon Carlton Fields, P.A.'s Rule 24 Motion to Intervene and Supporting Memorandum of Law ("Motion"). DE 259.[1] Plaintiffs filed an Amended Response in Opposition. DE 292. Carlton Fields filed a Reply. DE 298. Having reviewed the briefing, the record, and the applicable law, I respectfully recommend that the Motion be **GRANTED**.

## BACKGROUND

Carlton Fields previously represented Plaintiffs in this action before moving to withdraw on November 20, 2025. DE 124. The Court granted the motion to withdraw on December 8, 2025.

[1] The Honorable Donald M. Middlebrooks, United States District Judge, has referred this Motion to take all action as required by law. DE 277. Consistent with the approach taken by other magistrate judges presented with the same issue, I have determined that the appropriate course is to address the Motion by report and recommendation rather than by order. *See United States v. All Assets on Deposit & Restrained in Brokerage Account No. 20010195 at Safra Nat'l Bank of N.Y.*, 2025 WL 3297815, at *1 n.1 (S.D. Fla. Nov. 21, 2025) (Louis, J.); *Omni Healthcare Inc. v. Health First, Inc.,* 2017 WL 9398638, at *8 (M.D. Fla. July 28, 2017), *report and recommendation adopted*, 2017 WL 3658837 (M.D. Fla. Aug. 24, 2017).

DE 135. On January 9, 2026, Carlton Fields filed a Notice of Attorney's Charging Lien against any recovery obtained by Plaintiffs in this action. DE 155.

Shortly thereafter, Plaintiffs settled their claims against former Defendant Craig T. Galle. DE 160. Carlton Fields maintains that, when the settlement was initially disclosed, it received no information about whether Galle had paid Plaintiffs any money. DE 298 at 6. According to Carlton Fields, Plaintiffs' counsel did not respond when asked whether any money had changed hands. Galle later confirmed, however, that he had paid Plaintiffs as part of the settlement. *Id.*; *see also* DE 237 at 6-7, 11, 18 (Galle's motion stating that he had paid Plaintiffs the agreed-upon settlement consideration in full).

On April 14, 2026, Carlton Fields filed a Motion to Enforce Charging Lien. DE 226. That same day, Plaintiffs filed a notice stating their intent to oppose the motion, including on the ground that Carlton Fields had not formally intervened under Federal Rule of Civil Procedure 24. DE 227 at 2. Plaintiffs subsequently filed a separate action against Carlton Fields in the Superior Court of the District of Columbia, asserting claims arising from Carlton Fields' former representation. DE 292 at 3. On April 28, 2026, Plaintiffs opposed the Motion to Enforce Charging Lien and separately moved to strike it. DE 233; DE 234.

On June 5, 2026, the Court entered an Order partially granting Plaintiffs' motion for attorneys' fees and costs. DE 247. One week later, on June 12, 2026, the Court entered an Amended Judgment in favor of Plaintiffs and against Defendants Straub and Galle, jointly and severally, in the amount of $2,282,502.30. DE 257. In support of their request for sanctions, Plaintiffs had submitted Carlton Fields' invoices—including unpaid invoices—as an exhibit to the declaration of Benjamin G. Chew. DE 217; DE 217-5 at 1-487. Plaintiff Robin Fleming likewise submitted a declaration stating that she considered Carlton Fields' rates reasonable. DE 216 ¶ 6.

Three days after entry of the Amended Judgment, Carlton Fields filed the present Motion to Intervene under Rule 24(a)(2), seeking intervention "for the limited purposes of determining the amount of, enforcing and protecting its charging lien on settlement and sanctions amounts paid or payable to Plaintiffs by any and all Defendants." DE 259 at 1. Carlton Fields identifies the proceeds from the Galle settlement and any amounts Plaintiffs recover under the sanctions judgment as funds to which it contends its charging lien attaches. DE 298 at 1–2.

Plaintiffs oppose intervention. They argue that Carlton Fields cannot satisfy the requirements of Rule 24(a)(2), that Carlton Fields' cited authorities are distinguishable, that the fee dispute is already pending in the District of Columbia Superior Court, that intervention here would risk disclosure of privileged communications, and that the Motion is untimely. DE 292 at 1-2, 4-8. Carlton Fields disputes each of these arguments. DE 298.

**DISCUSSION**

Federal Rule of Civil Procedure 24(a)(2) provides that, on timely motion, a court "must permit anyone to intervene" who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

The Eleventh Circuit has identified four requirements for intervention as of right: "(1) [the] application to intervene is timely; (2) [the proposed intervenor] has an interest relating to the property or transaction which is the subject of the action; (3) [the proposed intervenor] is so situated that disposition of the action, as a practical matter, may impede or impair [its] ability to protect that interest; and (4) [the proposed intervenor's] interest is represented inadequately by the existing parties to the suit." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989); *see also*

*Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1250 (11th Cir. 2002). If the proposed intervenor establishes all four requirements, "the district court must allow [it] to intervene." *Chiles*, 865 F.2d at 1213.

**1. Timeliness**

I first consider whether Carlton Fields' Motion is timely. Rule 24 requires a timely motion but "does not lay out actual time limits." *Omni Healthcare Inc. v. Health First, Inc.*, 2017 WL 9398638, at *3 (M.D. Fla. July 28, 2017). Courts instead have "relatively broad discretion in assessing timeliness" and generally consider four factors: "1) the length of time during which the intervenor knew, or reasonably should have known, of his interest in the case before he petitioned for leave to intervene; 2) the extent of prejudice to existing parties as a result of the intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; 3) the extent of prejudice to the intervenor if the petition is denied; and 4) the existence of unusual circumstances militating either for or against a determination that the application is untimely." *Id.* (citing *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1516 (11th Cir. 1983)); *see Georgia*, 302 F.3d at 1259.

No one factor is dispositive. *Omni Healthcare*, 2017 WL 9398638, at *3. And the Eleventh Circuit has cautioned against treating timeliness as a rigid deadline. "[T]imeliness is not a word of exactitude or of precisely measurable dimensions." *Chiles*, 865 F.2d at 1213 (quoting *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970)). Rather, "[t]he requirement of timeliness must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice." *Id.*; *see also Georgia*, 302 F.3d at 1259-60 (quoting *Chiles* and concluding that "a delay of six months in itself" did not render intervention untimely). Timeliness therefore must be determined from all the circumstances. *Omni Healthcare*, 2017 WL 9398638, at *3.

Plaintiffs argue that Carlton Fields waited too long because it withdrew in November 2025, filed its Notice of Charging Lien in January 2026, and filed its Motion to Enforce in April 2026, yet did not seek intervention until June 15, 2026. DE 292 at 7-8. Carlton Fields responds that Plaintiffs focus too narrowly on the passage of time and fail to account for when its interest in identifiable litigation proceeds became concrete. DE 298 at 5-6. I agree with Carlton Fields.

The first factor asks how long Carlton Fields knew or reasonably should have known of the interest it now seeks to protect before moving to intervene. To be sure, by January 9, 2026, Carlton Fields knew that it had a potential interest in a future recovery; that is why it filed its Notice of Charging Lien. DE 155. But knowledge of a potential interest does not necessarily begin the timeliness period.

In *Omni Healthcare*, former counsel moved to intervene twenty-nine months after withdrawing from the case, seven months after the parties settled, and nearly four months after dismissal. *Omni Healthcare*, 2017 WL 9398638, at *3. The court nevertheless rejected the argument that timeliness should be measured from counsel's withdrawal. Counsel "was aware of its potential interest in this action at the time of its withdrawal," but "did not learn of the accrual of its interest until it learned of the settlement." *Id.* at *4. The court explained that the Eleventh Circuit generally regards an interest contingent on the outcome of pending litigation as "speculative, not legally protectable, and insufficient to support a motion to intervene." *Id.* at *3 (citing *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005)). Thus, although former counsel knew long before settlement that it might eventually have a claim to fees, the relevant interest became concrete when there were actual settlement proceeds against which the claimed lien could proceed. *See id.* at *3-4.

Similarly, Carlton Fields' interests in this case became concrete on June 12, 2026, when the Court awarded its former client 2.2 million dollars in attorney's fees, an amount based largely on legal work performed by Carlton Fields.[2] DE 257, 217, 217-5. Once the Court entered the sanctions fee award and resulting judgment, there was an identifiable monetary recovery to which Carlton Fields claimed its lien attached. Carlton Fields moved to intervene on June 15, 2026, which was ten days after the Order granting fees and costs and only three days after entry of the Amended Judgment. DE 247; DE 257; DE 259. Measured from those events, the Motion was plainly prompt. Further, even before filing the Rule 24 motion to intervene, Carlton Fields was actively attempting to protect its asserted lien. Its decision initially to proceed through a lien notice and motion to enforce, rather than a formal intervention motion, does not by itself establish untimeliness.

The second factor likewise favors Carlton Fields because Plaintiffs have not shown prejudice resulting from the timing of the Motion. The inquiry is not whether intervention itself may burden or prejudice an existing party; it asks about prejudice "as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest." *Jefferson Cnty.*, 720 F.2d at 1516. Plaintiffs have not articulated any prejudice caused by Carlton Fields filing the motion to intervene in June rather than earlier. Nor can they. Plaintiffs had notice of Carlton Fields' claimed lien as early as January 9, 2026, DE 155, and notice by April 14, 2026 that Carlton Fields intended to enforce that lien in this action, DE 226. Indeed, on April 14, 2026, Plaintiffs themselves identified Carlton Fields' failure to intervene as a ground on which they intended to oppose enforcement. DE 227 at 2. The Motion filed in June therefore did not introduce

[2] Plaintiffs submitted approximately 480 pages of Carlton Fields' invoices, including unpaid invoices, in support of the attorney's fees motion. DE 217; DE 217-5. Plaintiff Robin Fleming also submitted a declaration indicating that she found Carlton Fields' rates to be reasonable. DE 216 ¶ 6.

a new claim to the proceedings or surprise Plaintiffs with an interest they had not previously known about. Any delay caused "little, if any, prejudicial effect" for Plaintiffs since Plaintiffs knew of Carlton Field's intent to seek payment. *Omni Healthcare*, 2017 WL 9398638, at *4.

The third factor – the prejudice to Carlton Fields if intervention is denied – also weighs in favor of timeliness. Carlton Fields claims a lien on proceeds already paid through the Galle settlement and on amounts payable under the sanctions judgment. DE 298 at 1-2. It further contends that Galle's settlement payment was made to Plaintiffs without funds being sequestered to protect the lien. *Id.* at 5-6. If Carlton Fields is denied intervention while proceeds to which it claims a lien are distributed or collected, its practical ability to protect that asserted interest may be impaired. *See Omni Healthcare*, 2017 WL 9398638, at *4 (finding prejudice where denial of intervention could prevent former counsel from obtaining settlement funds held for its claimed lien).

Finally, I find no unusual circumstance making the Motion untimely. Carlton Fields filed its lien notice shortly after the Court allowed it to withdraw, DE 155, moved to enforce the lien after learning that the Galle settlement involved a payment, DE 226; DE 298 at 5-6, and filed the present Motion three days after entry of the Amended Judgment, DE 257; DE 259. Plaintiffs emphasize that Carlton Fields acknowledged an "oversight" in not filing a formal Rule 24 motion earlier. DE 259 at 3; DE 292 at 3, 7. That acknowledgment explains why Carlton Fields did not use Rule 24 sooner, but it does not establish that the delay caused prejudice or that the Motion falls outside Rule 24's flexible timeliness requirement. Considering all four factors and the overall circumstances, I find the Motion timely.

**2. Interest Relating to the Subject Matter of the Suit**

The second requirement for intervention as of right under Rule 24(a) asks whether Carlton Fields claims an interest relating to the property or transaction that is the subject of this action. The interest must be "direct, substantial, [and] legally protectable." *Huff v. Comm'r of IRS*, 743 F.3d 790, 796 (11th Cir. 2014) (quoting *Athens Lumber Co. v. Fed. Election Comm'n*, 690 F.2d 1364, 1366 (11th Cir. 1982)). A legally protectable interest requires "something more than an economic interest"; it must "derive[] from a legal right." *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005). At the same time, the interest need not be "of a legal nature identical to that of the claims asserted in the main action." *Chiles*, 865 F.2d at 1214 (citation omitted).

Former Fifth Circuit precedent[3] addresses this requirement in the specific context presented here. In *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52 (5th Cir. 1970), a law firm that had performed substantial work for a plaintiff before being discharged sought to intervene to protect its interest under a fee agreement. *Id.* at 53-54. The former Fifth Circuit reversed the denial of intervention, finding "it clear that the appellant law firm here claimed an interest in the subject of the action." *Id.* at 54. Similarly, in *Gilbert v. Johnson*, 601 F.2d 761 (5th Cir. 1979),[4] the court held that former counsel seeking compensation for services rendered possessed "an interest in [the] litigation for which protection from the court [could] properly be sought allowing the party to intervene in the pending action." *Id.* at 767; *see also Omni Healthcare*, 2017 WL 9398638, at *5-6 (concluding

[3] Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[4] *Gilbert* was superseded by statute on other grounds. *See Hakki v. Sec'y, Dep't of Veterans Affs.*, 7 F. 4th 1012, 1029 n. 12 (11th Cir. 2021).

that former counsel's interest in compensation was one "for which protection from the court can properly be sought") (quoting *Gilbert*, 601 F.2d at 767)).

Carlton Fields has made the same threshold showing here. It does not seek to intervene based merely on a generalized economic interest in whether Plaintiffs prevail against Defendants. Rather, it claims a charging lien against identifiable proceeds generated in this litigation: the funds Plaintiffs received in the Galle settlement and amounts paid or payable on the $2,282,502.30 sanctions judgment. DE 298 at 1-2. *Gaines* and *Gilbert* recognize this type of interest as sufficient to support intervention.

Nor does Plaintiffs' vigorous dispute over whether Carlton Fields is entitled to the fees defeat intervention. As *Omni Healthcare* explained, deciding the ultimate validity or amount of the charging lien at this stage would "put[] the cart before the horse." *Omni Healthcare*, 2017 WL 9398638, at *7. Rule 24 requires Carlton Fields to claim a legally protectable interest; it does not require Carlton Fields to prevail on the merits of that claim before it may intervene to protect it. *See id*. Carlton Fields has therefore satisfied the second requirement.

**3. Impairment of Carlton Fields' Ability to Protect Its Interest**

The third requirement asks whether disposition of this action may, as a practical matter, impair or impede Carlton Fields' ability to protect its asserted interest. The Eleventh Circuit has described this burden in practical terms: "All that is required under Rule 24(a)(2) is that the would-be intervenor be practically disadvantaged by his exclusion from the proceedings." *Huff*, 743 F.3d at 800 (*citing Chiles*, 865 F.2d at 1214). Rule 24 does not require certainty that the interest will be impaired; it asks whether disposition "may as a practical matter impair or impede" the proposed intervenor's ability to protect it. Fed. R. Civ. P. 24(a)(2).

Carlton Fields meets that standard. It claims a lien on funds Plaintiffs have already received from Galle and on amounts payable under the sanctions judgment. DE 298 at 1-2. Carlton Fields states that the Galle settlement payment was made directly to Plaintiffs without any amount being withheld or sequestered to protect the lien. *Id*. at 5–6. Galle later confirmed that money had been paid to Plaintiffs. DE 237 at 6-7, 11, 18; see DE 298 at 6. Thus, this case already presents the precise situation Carlton Fields is seeking to avoid – transfer of litigation proceeds in which Carlton Fields has an interest without protection of Carlton Fields' claim. Carlton Fields has adequately shown that disposition of this action without its participation may impair or impede its ability to protect its asserted interest.[5]

**4. Adequacy of Representation by the Existing Parties**

The fourth requirement imposes a minimal burden. A proposed intervenor "should be allowed to intervene unless it is clear that [the existing parties] will provide adequate representation." *Chiles*, 865 F.2d at 1214 (quoting Wright & Miller, Federal Practice and Procedure §1909 at 319 (2d ed. 1986)).

There is little difficulty applying that standard here. Plaintiffs are not protecting Carlton Fields' asserted interest; they are actively contesting it. After Carlton Fields filed its lien notice, Plaintiffs settled with Galle and allegedly received a payment without sequestering funds for Carlton Fields' claimed lien. DE 298 at 5-6. Plaintiffs then opposed Carlton Fields' effort to enforce the lien, DE 233, moved to strike it, DE 234, opposed the present Motion, DE 292, and

[5] Plaintiffs originally argued that Carlton Fields should not be permitted to intervene because its interests could be fully protected in the action Plaintiffs filed against Carlton Fields in the District of Columbia Superior Court. DE 292 at 5-7. That argument rested heavily on the existence of a separate, pending forum that Plaintiffs said could adjudicate the validity of the lien, the reasonableness of Carlton Fields' billing, and its entitlement to Plaintiffs' recoveries. *Id.* at 5-6. Since the briefing on this Motion closed, however, I have taken judicial notice that the District of Columbia Superior Court dismissed that action on *forum non conveniens* grounds. DE 380 (taking judicial notice of the July 24, 2026 Dismissal of Plaintiffs' Amended Complaint in the Superior Court of the District of Columbia). The premise underlying Plaintiffs' alternative-forum argument therefore no longer exists.

filed a separate lawsuit against Carlton Fields asserting claims arising from the representation, including claims directed at Carlton Fields' use of the charging lien, see DE 233-1 at 16–17; DE 298 at 6. Whatever the merits of those disputes, the parties' positions are plainly adverse. Carlton Fields claims that a portion of the litigation proceeds Plaintiffs have received or may receive must be applied to its unpaid fees. Plaintiffs vigorously dispute that claim. It is therefore not realistic to expect Plaintiffs or any other existing party to advocate for Carlton Fields' asserted lien interest. Carlton Fields has satisfied the fourth requirement.

**5. Plaintiffs' Remaining Arguments**

Plaintiffs also contend that even limited intervention would require the Court to adjudicate disputed fee issues involving attorney-client communications, work product, settlement negotiations, and litigation strategy, thereby exposing privileged information to Defendants. DE 292 at 4-7. I disagree.

The immediate dispute concerns whether Carlton Fields may enforce its charging lien and, if so, in what amount. That inquiry may require consideration of the governing fee agreement, the work Carlton Fields performed, the invoices, the reasonableness of the claimed fees, and the relationship between Carlton Fields' services and the proceeds against which it asserts the lien. Much of that material is already in this record. Plaintiffs themselves filed Carlton Fields' invoices in support of their sanctions request, DE 217; DE 217-5 at 1–487, and Robin Fleming submitted a declaration addressing the reasonableness of Carlton Fields' rates, DE 216 ¶ 6. Carlton Fields' engagement agreement is also in the record. DE 226-1; see DE 298 at 3–4.

Plaintiffs' separate allegations concerning Carlton Fields' conduct during the representation do not require the Court to transform this limited intervention into a malpractice action or adjudicate every collateral dispute between attorney and former client. Nor am I

persuaded that privilege concerns require denial of intervention. The Florida Supreme Court has recognized that "[t]he equitable enforcement of charging liens in the proceeding in which they arise best serves to protect the attorney's right to payment for services rendered while protecting the confidential nature of the attorney-client relationship." *Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom*, 428 So. 2d 1383, 1386 (Fla. 1983). If particular evidence implicates privileged or confidential material, the Court can address that issue when it arises and employ appropriate protective measures, including restricting access to filings or proceedings where warranted. The possibility that such measures may become necessary does not establish that Carlton Fields lacks a right to intervene under Rule 24(a)(2).

## CONCLUSION

Carlton Fields has satisfied each of Rule 24(a)(2)'s four requirements. Its Motion is timely; it claims a direct and legally protectable interest in identifiable litigation proceeds; disposition of those proceeds without its participation may practically impair its ability to protect that interest; and the existing parties – most notably Plaintiffs, who vigorously dispute Carlton Fields' entitlement to payment – cannot adequately represent it. Accordingly, I respectfully recommend that Carlton Fields, P.A.'s Rule 24 Motion to Intervene, DE 259, be **GRANTED** and that Carlton Fields be permitted to intervene for the limited purpose of determining the amount of, enforcing, and protecting its asserted charging lien on settlement and sanctions amounts paid or payable to Plaintiffs.

## NOTICE OF RIGHT TO OBJECT AND SHORTENED OBJECTIONS PERIOD

In the interest of promoting judicial economy and finality to the parties, this matter requires prompt resolution. As such, I finds it necessary and appropriate to shorten the time for any objections and response pursuant to Southern District of Florida Magistrate Judge Rule 4(a).

Accordingly, the parties shall have SEVEN (7) DAYS from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Donald M. Middlebrooks. See 28 U.S.C. § 636(b)(1)(C); S.D. Fla. Mag. J. R. 4(a). Failure to timely file objections will bar a de novo determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at West Palm Beach, Florida, this 1st day of September, 2026.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE