**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-81507-CIV-MIDDLEBROOKS/MAYNARD**

FILED BY SW D.C.

Sep 15, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

**ROBIN FLEMING, *et al.*,**

**Plaintiffs,**

**vs.**

**GLENN F. STRAUB, *et al.*,**

**Defendants.**
_______________________________________/

**REPORT & RECOMMENDATION ON**
**PLAINTIFFS' MOTION FOR SANCTIONS [DE 378]**

This matter is before me upon Plaintiffs' Motion for Sanctions ("Motion"), DE 378, to which Defendants Glenn Straub and Palm Beach Polo, Inc. (collectively, "Defendants") have responded in opposition, DE 393. The Motion is referred to me for appropriate disposition. DE 85. For the following reasons, I respectfully recommend that it be **DENIED**.

**BACKGROUND**

The Motion arises from a lengthy and evolving discovery history spanning more than one year. Plaintiffs seek sanctions under Rule 37 based upon Defendants' alleged failure to comply with two prior discovery orders entered by a predecessor Judge, DE 140 and DE 335. The sanctions sought are extraordinary. Plaintiffs ask the Court to deem certain factual allegations establishing their RICO claims admitted, deem certain text messages authentic, preclude Defendants from contesting those matters, and award Plaintiffs their attorneys' fees and costs. DE 378-13. Plaintiffs' proposed sanctions further contemplate the possibility of a default judgment if Defendants fail to produce documents sent to or from two email accounts. *Id.*

The discovery history relevant to the Motion began in June 2025, when Plaintiffs served their First and Second Sets of Requests for Production upon Defendants. *See* DE 117-2, DE 117-3. On November 13, 2025, Plaintiffs moved to compel better responses, identifying disputes concerning various categories of documents and electronically stored information. DE 117. The parties thereafter engaged in extensive conferral.

On December 5, 2025, the parties filed a Joint Notice advising that they had made substantial progress resolving their discovery disputes. DE 132. The Joint Notice reported that certain issues had been resolved or were being addressed, including the imaging of a second cellular telephone belonging to Defendant Straub; the production of native files and metadata for certain documents; and the production of tax returns subject to a confidentiality arrangement. According to the Joint Notice, other issues such as the scope of communication between Defendants and third parties remained disputed or were still being addressed.

On December 9, 2025, Judge Matthewman held a hearing on the motion to compel. DE 143. At the hearing, counsel represented that the parties were working cooperatively and that their discussions had been "extremely productive." *Id.* at 8. With respect to metadata and document production, counsel represented that recent productions included metadata and that the parties were continuing to confer regarding documents for which metadata was necessary. Judge Matthewman noted that, in his view, not every document required production with metadata. *Id.* at 5-7.

Judge Matthewman addressed the remaining discovery issues and directed the parties to complete the production to which they had agreed in their Joint Notice. *Id.* at 16 ("So the material that we talk about here in the joint notice, the defendants' documents and communications with each other and third parties, will be produced by December 26, 2025. The parties will continue to confer."). Judge Matthewman further noted that timing appeared to be driving the disputes, which

he addressed by extending the discovery deadline from January 8, 2026 to January 19, 2026. *Id.* at 8-9. At the close of the hearing, Judge Matthewman instructed counsel to continue working cooperatively and made clear that "[i]f there are any more disputes, bring that up to me promptly, file a quick motion so I can deal with it quickly, because I do want to make sure this case sort of stays where the plane lands when it's supposed to land and then the summary judgment and trial can proceed." *Id.* at 25.

On December 11, 2025, Judge Matthewman entered a two-page Order granting the motion to compel. DE 140. The Order acknowledged that "[a]ccording to the Joint Notice, the parties resolved a majority of their discovery disputes." *Id.* The Order extended the discovery deadline "[b]ased upon the parties' representations and their conferral efforts, the recent change of counsel, and the upcoming holidays" and directed that "Defendants shall produce previously agreed upon communications and documents with metadata by December 26, 2025." *Id.* The Order did not separately enumerate the categories of documents that Plaintiffs had requested or establish a detailed production protocol for each disputed category.

On December 26, 2025, Defendants made a production. Plaintiffs thereafter flagged for defense counsel what they believed were deficiencies in that production. In correspondence beginning January 3, 2026, Plaintiffs identified several categories of documents they believed remained outstanding and continued communicating with Defendants regarding those issues. *See* DE 378-2 at 1-5 (Motion, Ex. 2). The correspondence reflects additional exchanges and further productions by Defendants.

Around this same time, a separate sanctions proceeding occurred before U.S. District Judge Donald M. Middlebrooks. Following an evidentiary hearing on January 30, 2026 and February 2, 2026, *see* DE 182, DE 188, Judge Middlebrooks entered a comprehensive Order on March 9, 2026,

imposing sanctions based on Defendants' submission of fabricated operating agreements and related corporate records, DE 210. That proceeding concerned a distinct category of alleged misconduct involving exhibits attached to a pleading and resulted in sanctions relating to the fabricated ownership documents, including the dismissal with prejudice of Defendants' amended counterclaim and an award of attorneys' fees to Plaintiffs' counsel. The separate sanctions proceedings did not concern or involve Judge Matthewman's Orders at DE 140 or DE 335.

Following the sanctions proceedings, Plaintiffs continued corresponding with Defendants concerning discovery issues in April 2026. *See* DE 378-3 (Motion Ex. 3). The parties, however, did not file a motion seeking judicial resolution of the unresolved December and January production disputes at that time.

The discovery dispute returned to the Court for the first time in July 2026 in connection with three other discovery motions. At a July 24, 2026 hearing before Judge Matthewman, Plaintiffs raised what counsel described as "fairly still significant document deficiencies." DE 374 at 18. Counsel acknowledged, however, that "[t]here is not yet a pending motion" concerning those deficiencies. *Id.* at 19.

The ensuing discussion concerned documents Plaintiffs argued were still outstanding from Defendant Straub or his entities. For their part, Defendants represented that they had been working to locate and produce the requested materials and that prior counsel had experienced information-technology difficulties. Defendants acknowledged that Plaintiffs had provided "a detailed list" of the materials they believed were missing and represented that, once the technology issues were resolved, "we will get every document that they could possibly want." *Id.* at 20. Judge Matthewman directed Defendants to produce the documents by August 6, 2026, indicating that this addressed the issue Plaintiffs had raised "about Mr. Straub's documents." *Id.* at 22.

On July 27, 2026, Judge Matthewman entered a three-page written Order. DE 335. In addition to setting a firm schedule for two depositions, the Order provided, in relevant part:

> Plaintiffs shall produce the agreed-upon documents as discussed during the hearing, including tax returns, bank records, and profit and loss statements, by **August 5, 2026**. Defendants shall produce the documents requested by Plaintiffs by **August 6, 2026**. Again, these are firm dates, and the parties and counsel are ORDERED to strictly comply in a timely manner.

*Id.* at 2.

Plaintiffs contend that Defendants failed to comply with this directive. According to the Motion, on August 6, 2026, Defendants produced only ten documents consisting of one previously produced tax return and nine duplicate copies of a largely redacted third-party payment record. DE 378 at 3.

Plaintiffs filed the present Motion on August 27, 2026. Defendants oppose the Motion, contending that the requested relief is disproportionate to the alleged discovery failures; that the December 2025 Order reflected the parties' agreements rather than a comprehensive adjudication of each disputed request; and that Defendants have continued searching for and producing documents. DE 391. Defendants further represent that multiple devices, including Mr. Straub's phones, were forensically imaged and searched and that their e-discovery vendor has been engaged to conduct additional searches for responsive material. *Id.* Defendants dispute Plaintiffs' contentions regarding the authenticity of certain text messages and maintain that some of the electronic accounts Plaintiffs identify are not within Mr. Straub's possession, custody, or control. *Id.*

## <u>LEGAL STANDARD</u>

Rule 37(b)(2)(A) authorizes sanctions when a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Rule 37 gives district courts broad discretion to

fashion appropriate sanctions for violations of discovery orders. *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993). But that discretion presupposes an identifiable order imposing a sufficiently clear discovery obligation. "Sanctions . . . for violation of an order are only appropriate if 'the order stated in specific and clear terms what acts were required or prohibited.'" *Consumer Financial Protection Bureau v. Brown*, 69 F.4th 1321, 1329 (11th Cir. 2023) (quoting *In re Se. Banking Corp.*, 204 F.3d 1322, 1332 (11th Cir. 2000). The underlying discovery obligation, moreover, need not be contained in a formal written order; Rule 37(b) sanctions may be imposed for violation of an oral discovery order. *See Malautea*, 987 F.2d at 1542 n. 7 (11th Cir.1993) ("[An] oral discovery order is a valid basis for Rule 37 sanctions").

Available sanctions for Rule 37 violations include involuntary dismissal, staying proceedings, designating facts or elements as undisputed, and precluding the introduction of evidence. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and ensure the integrity of the discovery process. *Gratton v. Great Am. Commc'n*, 178 F.3d 1373, 1374 (11th Cir. 1999).

The party seeking sanctions bears the burden of establishing a violation of the discovery order and demonstrating that the requested sanction is appropriate. *U.S. v. One 1999 Forty Seven Foot Fountain Motor Vessel*, 240 F.R.D. 695, 698 (S.D. Fla. 2007) (citing *In re Chase & Sanborn Corp.*, 872 F.2d 397, 400 (11th Cir. 1989)). Once that showing is made, the nonmoving party bears the burden of demonstrating that compliance was impossible despite "all reasonable efforts." *In re Chase & Sanborn Corp.*, 872 F.2d at 400 (quoting *U.S. v. Rizzo*, 539 F.2d 458, 465 (5th Cir. 1976)); *One 1999 Forty Seven Foot Fountain Motor Vessel,* 240 F.R.D. at 698. The non-moving party "'must go beyond a mere assertion of inability and satisfy [its] burden of production on the

point by introducing evidence in support of [its] claim.'" *In re Chase & Sanborn Corp.*, 872 F.2d at 400 (quoting *United States v. Hayes*, 722 F.2d 723, 725 (11th Cir. 1984)).

A finding of willfulness or bad faith is not required for lesser sanctions. *See Coquina Invs. v. TD Bank, N.A.,* 760 F.3d 1300, 1319 (11th Cir. 2014) ("'Our caselaw is clear that only in a case where the court imposes the most severe sanction—default or dismissal—is a finding of willfulness or bad faith failure to comply necessary.'" (quoting *BankAtlantic v. Blythe Eastman Paine Webber, Inc*., 12 F.3d 1045, 1049 (11th Cir. 1994)). Such a finding is required only before imposing the most severe sanctions of dismissal or default. *Malautea*, 987 F.2d at 1542.

**DISCUSSION**

The threshold question is whether Plaintiffs have established a violation of a sufficiently clear and specific discovery order to support the sanctions they seek. On this record, they have not.

The Eleventh Circuit's decision in *Brown* reinforces the importance of a clear and specific underlying order. There, Rule 37 sanctions were upheld because the district court had repeatedly and specifically identified the matters into which a party was entitled to inquire about at a Rule 30(b)(6) deposition. *Brown*, 69 F.4th 1321, 1329-30 (11th Cir. 2023). The Eleventh Circuit concluded that the district court's instructions were clear and that the sanctioned party had not misunderstood what was required; rather, "it disagreed" with the Court's clear directives. *Id.* at 1330. The present record is different. The difficulty here is not whether Defendants disagreed with a clear directive, but whether the Court can identify from DE 140 and DE 335 the specific discovery obligations Plaintiffs contend Defendants violated.

The Motion does not identify a discrete failure to comply with a specific directive in Judge Matthewman's prior discovery Orders at DE 140 and DE 335. Instead, it aggregates discovery requests, productions, correspondence, alleged deficiencies, and disputes spanning approximately

fifteen months. The Motion asks the Court to trace those matters back through the initial discovery requests; the subsequent motion to compel; the parties' extensive conferral efforts through December 2025; the December 9, 2025 hearing before Judge Matthewman and his related Order at DE 140; the December 26, 2025 production; months of subsequent correspondence between counsel and additional productions; and the July 2026 hearing before Judge Matthewman and his related order at DE 335.

The record demonstrates that Plaintiffs were aware of at least some alleged deficiencies shortly after Defendants' December 26, 2025 production. Plaintiffs identified those deficiencies to Defendants in January 2026 and continued corresponding about them. The issue, therefore, is not that Plaintiffs failed to complain. Rather, the record reflects that the parties continued attempting to resolve the disputes without promptly returning to the Court for a discrete ruling identifying what Defendants were required to produce and what remained deficient. This is particularly significant because Judge Matthewman expressly directed the parties at the December 2025 hearing before him to bring any remaining discovery disputes promptly to his attention by filing an appropriate motion. *See* DE 143 at 25.

The parties did not do so. Instead, they engaged in months of correspondence before Plaintiffs raised the continuing deficiencies at a much later July 24, 2026 hearing before Judge Matthewman. And even then, Plaintiffs' counsel expressly acknowledged that "[t]here is not yet a pending motion" concerning those deficiencies. DE 374 at 18-19. Judge Matthewman nevertheless discussed the issue and entered an Order, directing Defendants to "produce the documents requested by Plaintiffs by **August 6, 2026**." DE 335 at 2 (emphasis in original).

That procedural history matters. Rule 37(b) requires the Court to identify the discovery obligation imposed by the relevant Order and determine whether that obligation was violated.

Rule 37 does not provide a mechanism by which a Court is expected to reconstruct an extended discovery dispute from months of correspondence and competing representations and treat those communications as though they themselves constituted a discovery order.

Judge Matthewman's Order at DE 140 illustrates the difficulty. This Order required production of "previously agreed upon communications and documents with metadata." DE 140. It did not independently enumerate the categories of documents Plaintiffs now identify as improperly withheld. Determining the precise scope of the phrase "previously agreed upon" would require reconstructing the parties' negotiations, representations, and discovery disputes preceding the Order, including matters discussed in the parties' briefing, in the Joint Notice, and at the hearing before Judge Matthewman.

Judge Matthewman's Order at DE 335 presents a different issue. Unlike his prior Order at DE 140, this later Order established a firm deadline of August 6, 2026, and expressly directed Defendants to "produce the agreed-upon documents as discussed during the hearing, including tax returns, bank records, and profit and loss statements." DE 335 at 2. The deadline itself and the general categories of documents are therefore clear. But Plaintiffs have not sufficiently identified which documents encompassed by that directive remained outstanding or otherwise connected the alleged deficiencies to a specific violation warranting the sweeping sanctions they seek. Judge Matthewman's Order arose from the parties' representations at the July 24, 2026 hearing concerning what documents Plaintiffs then contended remained outstanding. The present Motion, however, treats DE 335 as a basis for sanctions extending to the broader universe of alleged discovery deficiencies dating back to December 2025, including alleged non-production of communications with witnesses tied to Plaintiffs' Rico claims, emails, employment records, and

documents reflecting payments to third-parties. DE 378 at 4-5. The record does not support Plaintiffs' expansive reading of Judge Matthewman's Order at DE 335.

The Eleventh Circuit's decision in *Certain Real Property* illustrates the point. *See United States v. Certain Real Prop. Located at Route 1, Bryant, Ala.,* 126 F.3d 1314, 1317-18 (11th Cir. 1997). Although that case arose under Rule 37(d), which deals with sanctions based on a party's failure to cooperate in discovery, the Eleventh Circuit's reasoning is instructive because the sanctions imposed there included dismissal and default judgment. *Id.* at 1317-18. The Eleventh Circuit emphasized that, although Rule 37 does not invariably require a formal order compelling discovery, the absence of such an order rendered the severe sanctions imposed in that case inappropriate. *Id.* Here, there are orders addressing discovery. But the relevant question remains whether those Orders provide a sufficiently identifiable basis for the particular sanctions sought. They do not.

The Motion identifies potentially ongoing disputes concerning the scope of Defendants' possession, custody, or control of certain electronic accounts, the authenticity of particular text messages, and the adequacy of Defendants' searches. In response, Defendants represent that multiple devices have been forensically imaged and searched, that an e-discovery vendor has been engaged to conduct additional searches, and that responsive materials have continued to be produced. Whether those efforts ultimately prove sufficient is not necessary to resolve the present Motion. Even assuming some responsive materials remain outstanding, Plaintiffs have not established a sufficiently discrete violation of a Court Order to support the extraordinary Rule 37 sanctions requested.

Nor does the separate sanctions proceeding resulting in Judge Middlebrooks' March 9, 2026 Order supply such a basis. DE 210. That proceeding involved a detailed evidentiary record

concerning fabricated operating agreements and related ownership documents and resulted in sanctions based on that distinct misconduct tied to the submission of pleading exhibits. The present Motion concerns alleged failures to produce discovery pursuant to different orders. To the extent Plaintiffs contend that documents relevant to the present Motion overlap with matters addressed in Judge Middlebrooks' Order imposing sanctions, the Motion does not sufficiently distinguish those matters or identify a separate violation of DE 140 or DE 335 that would support the sanctions sought now.

The sanctions Plaintiffs request are disproportionate to the discovery violations they ask the Court to infer. Plaintiffs seek, in substance, to establish the factual predicates of their RICO claims, deem disputed text messages authentic, preclude Defendants from contesting those matters, and potentially obtain default. Such relief would effectively resolve significant portions of the merits of the case based upon discovery disputes that remain factually and procedurally contested.

I recognize that lesser sanctions may be imposed without a finding of willfulness or bad faith. *Coquina Invs.*, 760 F.3d at 1319-20. But the absence of a willfulness requirement for lesser sanctions does not eliminate the need for an identifiable discovery violation or a sanction appropriately tailored to that violation. And where, as here, the requested relief approaches merits-dispositive consequences, particular care must be exercised before imposing sanctions that would effectively determine substantive claims or defenses.

I am mindful of the substantial time and resources already expended by the parties and the Court in managing discovery in this case. But it is Plaintiffs, as the parties seeking sanctions, who bear the burden of establishing the predicate violation and demonstrating that the requested sanction is appropriate. The Court is not required to reconstruct months of correspondence and

competing representations to identify, on Plaintiff's behalf, the particular discovery obligation allegedly violated. This is especially so where Judge Matthewman provided the parties with a clear procedural mechanism for resolving remaining discovery disputes: confer, and if the dispute could not be resolved, promptly bring it to the Court's attention by filing an appropriate motion. The record reflects that this process was not followed with respect to disputes now presented in the Motion.

I therefore recommend that the Motion be denied. This recommendation does not constitute a finding that Defendants have complied with every discovery obligation or that no responsive documents remain outstanding. Nor does it preclude Plaintiffs from seeking appropriate relief based upon a properly presented and sufficiently discrete discovery violation. Rather, I find that the present Motion, filed after months of unresolved correspondence and without a sufficiently specific identification of the order violation supporting the extraordinary sanctions requested, does not provide an adequate basis for relief under Rule 37(b).

## RECOMMENDATION

Plaintiffs have not established a sufficiently clear violation of a prior Court Order to support the extraordinary sanctions they now seek. Nor have they shown that the requested relief is appropriately tailored to a specific discovery violation. Accordingly, I respectfully recommend that Plaintiffs' Motion for Sanctions, DE 378, be **DENIED**.

## NOTICE OF RIGHT TO OBJECT AND SHORTENED OBJECTIONS PERIOD

Since summary judgment briefing is already underway in this case and to promote finality to the parties now that the discovery deadline has expired, I find it necessary and appropriate to shorten the time for any objections pursuant to Southern District of Florida Magistrate Judge Rule 4(a). The parties shall have **five calendar (5) days** from the date of being served with a copy of

this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Donald M. Middlebrooks. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within three (3) calendar days of the date of this Report and Recommendation.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 15th day of September, 2026.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE