**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 24-81507-CV-MIDDLEBROOKS

ROBIN FLEMING, et al.,

Plaintiffs,

v.

GLENN F. STRAUB, et al.,

Defendants.

______________________________________/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court upon Carlton Fields, P.A. Rule 24 Motion to Intervene (DE 259). The Motion was referred to Magistrate Judge Shaniek M. Maynard. (DE 277). Judge Maynard entered a Report and Recommendation ("Report") (DE 386), recommending that the motion be granted. Plaintiffs filed her objections on September 4, 2026 (DE 396) and Carlton Field responded to those objections (DE 413).

I reviewed the Report, the record, the objections, the response to the objections and relevant caselaw. I find that Judge Maynard's findings are well-reasoned and supported by the record. Plaintiff's objections largely restate arguments previously raised and do not demonstrate that the Magistrate Judge applied an incorrect standard or overlooked controlling precedent.

Plaintiffs object to the Magistrate Judge's recommendation, arguing that Carlton Fields lacks a legally protectable interest sufficient to support intervention under Rule 24. According to Plaintiffs, the Magistrate Judge should have first resolved their pending motion to strike the charging lien because the lien is invalid under Florida law. Plaintiffs contend that the parties' engagement agreement provided for hourly billing rather than a contingency fee and did not authorize payment of attorney's fees from any litigation recovery. They further argue that the

Report incorrectly treats the $2.28 million sanctions award as a fund subject to the lien because that award merely reimbursed fees Plaintiffs had already paid and does not include approximately $1.45 million in disputed unpaid invoices. Plaintiffs also assert that the Report overlooked their newly filed Florida state court action, which they contend can fully adjudicate the fee dispute, and failed to adequately consider the prejudice intervention would cause by potentially exposing privileged communications, litigation strategy, and work product to the underlying defendants.

Plaintiffs' objections must be overruled because they conflate the merits of Carlton Fields' charging lien with the separate procedural question of intervention. The issue presently before me is whether Carlton Fields has asserted a sufficient interest to intervene under Rule 24, not whether its charging lien ultimately will be found valid or enforceable. The Report correctly recognized this distinction and properly concluded that the existence of Plaintiffs' motion to strike does not eliminate Carlton Fields' claimed interest or right to be heard regarding it.

Carlton Fields has asserted a colorable charging lien arising from legal services that allegedly contributed to recoveries obtained in this litigation, including the sanctions judgment and the Galle settlement. That asserted interest is sufficient for purposes of Rule 24. Plaintiffs' arguments concerning the billing arrangement, unpaid invoices, and the ultimate enforceability or amount of the lien go to the merits of the lien dispute and may be resolved after intervention.

Nor did the Report misconstrue the sanctions award. The critical inquiry at this stage is whether Carlton Fields has asserted an interest in recoveries allegedly obtained through its efforts. Plaintiffs themselves relied upon Carlton Fields' work and invoices in obtaining the sanctions award. Whether particular invoices were paid or remain disputed bears on the amount and enforceability of the lien, not on whether Carlton Fields has asserted a sufficient interest in recoveries to support intervention.

Plaintiffs' reliance on their newly filed state court action is likewise unpersuasive. Because the charging lien was filed in this Court, arises from work performed in this litigation, and concerns recoveries obtained here, considerations of judicial economy favor resolving the dispute in this forum. Finally, Plaintiffs' privilege concerns are speculative. Courts routinely employ protective measures to address privilege issues in charging-lien proceedings, and such concerns do not outweigh Carlton Fields' interest in protecting its asserted lien.

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1) Plaintiff's Objections (DE 396) to the Report are **OVERRULED**.

2) Judge Maynard's Report (DE 386) is **ADOPTED**.

**3)** Carlton Fields, P.A. Rule 24 Motion to Intervene (DE 259) is **GRANTED.**

**SIGNED** in Chambers at West Palm Beach, Florida, this 17 day of September, 2026.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record