**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 24-81507-CV-MIDDLEBROOKS

ROBIN FLEMING, et al.,

Plaintiffs,

v.

GLENN F. STRAUB, et al.,

Defendants.

_______________________________________/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court upon Plaintiffs' Motion for Sanctions (DE 378). The Motion was referred to Magistrate Judge Shaniek M. Maynard. (DE 85). Judge Maynard entered a Report and Recommendation ("Report") (DE 415), recommending that the motion be denied. Plaintiffs filed objections on September 21, 2026. (DE 431).

I have reviewed the Report, the record, the objections and the applicable law. I find that Judge Maynard's findings are well-reasoned and supported by the record. Plaintiffs' objections largely restate arguments previously presented in support of their motion for sanctions and do not demonstrate that the Magistrate Judge applied an incorrect legal standard or overlooked controlling authority.

Plaintiffs first object that the Report improperly concluded that Defendants did not violate a sufficiently clear and specific discovery order. The Report correctly recognized that Rule 37 sanctions require an identifiable discovery obligation imposed by a court order and a demonstrated violation of that obligation. Judge Matthewman's orders at DE 140 and DE 335 referenced documents previously agreed upon by the parties and documents requested by Plaintiffs but did not independently define with specificity the categories of materials that Plaintiffs now contend

remained outstanding. As the Report explained, determining the precise scope of those obligations would require reconstruction of months of discovery correspondence, negotiations, and competing interpretations. Rule 37 does not require the Court to undertake such an exercise before imposing significant sanctions. The Report properly concluded that Plaintiffs failed to establish a sufficiently discrete violation of a clear discovery directive warranting sanctions.

Plaintiffs next contend that the Report misconstrued Judge Matthewman's July 2026 Order. Even accepting Plaintiffs' interpretation of that Order, the objection does not undermine the Report's central conclusion. The Report did not deny sanctions because of uncertainty regarding which party was required to produce tax returns, bank records, or profit-and-loss statements. Rather, the Report found that Plaintiffs failed to connect the broad range of alleged discovery deficiencies identified in the Motion to a sufficiently specific order violation that would justify the sanctions requested. That reasoning remains sound regardless of Plaintiffs' reading of DE 335.

Plaintiffs also argue that the Report improperly faulted them for attempting to resolve discovery disputes without court intervention. The Report did not hold that Plaintiffs waived their complaints by continuing to confer. Instead, it appropriately considered the procedural history in evaluating whether there existed a clear judicial determination of the specific discovery obligations allegedly violated. The record reflects that discovery disputes continued to evolve through months of communications and supplemental productions without a subsequent motion seeking a discrete ruling defining what remained outstanding. The Report properly considered that history when determining whether Rule 37 sanctions were supported.

Finally, Plaintiffs argue that the Report should have considered lesser sanctions even if the requested relief was excessive. I agree with Judge Maynard that Plaintiffs failed to establish the necessary predicate discovery violation supporting sanctions under Rule 37. In the absence of a

sufficiently demonstrated violation of a clear discovery order, neither severe sanctions nor lesser sanctions are warranted on the present record. The Report expressly recognized that its recommendation does not constitute a finding that all discovery obligations have been satisfied, but only that the motion does not provide an adequate basis for Rule 37 relief. I agree.

Accordingly, Plaintiffs have not demonstrated that the Report's factual findings or legal conclusions are erroneous. The objections largely reflect disagreement with the Magistrate Judge's assessment of the record rather than identification of reversible error.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1) Plaintiffs' Objections (DE 431) are **OVERRULED.**

2) Judge Maynard's Report (DE 415) is **ADOPTED**.

3) Plaintiffs' Motion for Sanctions (DE 378) is **DENIED.**

**SIGNED** in Chambers at West Palm Beach, Florida, this 29 day of September, 2026.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record