**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 24-81507-CV-MIDDLEBROOKS

ROBIN FLEMING, et al.,

Plaintiffs,

v.

GLENN F. STRAUB, et al.,

Defendants.

_______________________________________/

**ORDER REGARDING JURY INSTRUCTION ON FABRICATED EVIDENCE AND SANCTIONS ORDER**

THIS CAUSE is before the Court on the Parties' proposed jury instructions regarding my sanctions order in this case. (DE 508 and DE 509).

As the Parties are aware, I made a pretrial finding that Mr. Straub directed the fabrication of certain documents bearing on his ability to prove his ownership of Miss America. After an evidentiary hearing, I found that Mr. Straub's then-counsel fabricated the documents at Mr. Straub's direction, and that Mr. Straub and his lawyer did so knowingly and in bad faith. Moreover, as a sanction, I struck Defendant's counterclaim in this matter.

That sanction did not resolve the case, however. Plaintiff must still prove her ownership of Miss America. I have decided that the jury may be told of my pretrial findings surrounding the fabricated documents. (DE 500). The question now is how to do so, and what guidance I should give the jury about how they may use these pretrial findings.

The Eleventh Circuit civil pattern instructions do not include an instruction on fabrication of evidence or adverse inferences, nor is there a pattern spoliation of evidence instruction. Therefore, I must prepare a tailored instruction supported by governing law. I have reviewed the

Parties' submissions and taken their suggestions under advisement. I have also examined applicable law and sample jury instructions from this and other Circuits in analogous factual circumstances, such as spoliation, consciousness of guilt based on flight (in the criminal context), and Rule 404(b) evidence relating to other bad acts. Additionally, in preparing these instructions, I am guided by the overarching principle that a federal court may sanction litigation misconduct under its inherent power. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991). Moreover, the district court has broad discretion in formulating jury instructions, provided the instructions as a whole accurately state the law and do not mislead the jury. *See* Fed. R. Civ. P. 51.

The jury instruction I have drafted first identifies the fabricated evidence, then informs the jury of my findings, and finally explains to the jury how they may utilize the evidence.

Importantly, my finding of bad faith and knowing fabrication opens the door to a negative inference instruction, and I believe that to be the most appropriate and accurate way of explaining to the jury what conclusions they may legitimately reach, and also what limitations exist on their use of the evidence. In instances of spoliation, an adverse inference arises only when the absence of that evidence is predicated on bad faith. *See Bashir v. Amtrak*, 119 F.3d 929, 931-32 (11th Cir. 1997) (per curiam) (citing *Vick v. Texas Employment Commission*, 514 F.2d 734, 737 (5th Cir. 1975)).

Mr. Straub caused evidence to be fabricated, and the documents that were fabricated made his claim to ownership of Miss America appear stronger. Based on this, I have included language in the instruction contemplating that the jury may draw a "consciousness of weakness" inference. The inference logically follows from this formula: "[t]he litigant's conduct indicates a belief relevant and detrimental to some feature of his case; therefore he holds that belief; therefore his

case in this feature is defective." John MacArthur Maguire & Robert C. Vincent, *Admissions Implied from Spoliation or Related Conduct*, 45 Yale L.J. 226, 235 (1935).

> The principle has best been described by Dean Wigmore: "It has always been understood—the inference, indeed, is one of the simplest in human experience—*that a party's falsehood or other fraud in the preparation and presentation of his cause, his fabrication* or suppression *of evidence* by bribery or spoliation, and *all similar conduct* is receivable against him as an indication of his consciousness that this case is a weak or unfounded one; and from that consciousness may be inferred the fact itself of the cause's lack of truth and merit. The inference thus does not necessarily apply to any specific fact in the cause, but operates, indefinitely though strongly, against the whole mass of alleged facts constituting his cause." 2 Wigmore, Evidence § 278 at 133 (3d Ed.1940) (emphasis supplied).

*Franklin v. Howard Brown Health Ctr.*, 2018 WL 4590010, at *2 (N.D. Ill. Sept. 25, 2018). *See also Buckley v Mukasey*, 538 F. 3d 306 (4th Cir. 2008) (acknowledging that an inference about a party's consciousness of the weakness of a civil case cannot rest merely on negligent loss or destruction; it requires that the party knew the evidence was relevant to an issue at trial and that willful conduct caused its loss).

In other words, the jury may infer that Mr. Straub perceived that he either had no valid claim to ownership, or that such a claim to ownership was weak and could not be proven through legitimate means.

The closest analog in Supreme Court and Eleventh Circuit precedent would be the line of cases dealing with evidence of flight and consciousness of guilt in the criminal law context. "[T]he law is entirely well settled that the flight of the accused is competent evidence against him as having a tendency to establish his guilt." *Allen v. United States,* 164 U.S. 492, 499, 17 S.Ct. 154, 156, 41 L.Ed. 528 (1896). *See also United States v. Ballard,* 423 F.2d 127, 133 (5th Cir.1970) (quoting Wigmore: "[I]t is today universally conceded that the fact of an accused's flight, escape

from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt and thus of guilt itself."). *See also United States v. Borders*, 693 F.2d 1318, 1324 (11th Cir. 1982).

Moreover, I have considered Fed. R. Civ. P. 37(e), which has some relevance by way of analogy to situations in which a litigant fails to preserve electronically stored information (ESI). This rule contains a presumption that lost information was unfavorable to the party, and the jury may be instructed that it may or must presume the information was unfavorable. The misconduct committed by Mr. Straub in this case is more egregious than merely destroying or hiding evidence. Therefore the policy considerations underpinning Rule 37(e) apply with even greater force on the present facts.

I note that the instructions are tempered by language explaining that the jury is permitted, but not required, to draw a negative inference. In other words, the presumption is not mandatory. Based upon my review of relevant precedent, I believe that the permissive inference accurately describes the law in this area.

**CONCLUSION**

Based upon the record in this matter, my previous findings, and the law summarized above, it is my intention to give the attached instructions to the jury. Before finalizing the language of these instructions, I will hold a charge conference and permit the Parties to preserve any objections.

**SIGNED** in Chambers at West Palm Beach, Florida, this 17th day of November, 2026.



Donald M. Middlebrooks
United States District Judge

Attachment
Copies to: Counsel of Record

## INSTRUCTIONS REGARDING FABRICATED EVIDENCE

**Part A: For inclusion in preliminary instructions to the jury (prior to the presentation of evidence).**

Members of the jury, before this trial I held a hearing outside your presence about certain items of evidence in this case. I found that some documents purporting to be limited liability company agreements and board minutes were fabricated. I further found that they were fabricated by Mr. Straub's former attorney at Mr. Straub's direction, and that this was done knowingly and in bad faith. I will give you more complete instructions on this at the end of the case, but you should know this now, so that you can understand the evidence as you hear it.

**Part B: For inclusion in final jury instructions.**

Before this trial, I held an evidentiary hearing, outside your presence, about certain documents. After hearing evidence and argument, I found the following facts:

1. The corporate documents identified below, which have been admitted into evidence as Plaintiff's Exhibits [*identify exhibit numbers*], were fabricated. That means they were created to appear to be genuine documents when they were not.

    - A Limited Liability Company Agreement of Miss America Competitions, with an "s," LLC, bearing the date December 28, 2022;
    - A Limited Liability Company Agreement of Miss America IP, LLC, bearing the date December 28, 2022;

- "Minutes of Initial Meeting of The Member and Director of Miss America IP, LLC," bearing the date December 28, 2022;
- "Minutes of Initial Meeting of Member and Director of Miss America Pageant, LLC," bearing the date December 28, 2022; and
- "Minutes of Meeting of Member and Director of Miss America Pageant, LLC," bearing the date January 5, 2023.

2. These documents are not authentic, nor were they prepared and signed on the dates they bear: December 28, 2022 and January 5, 2023. Rather, the two limited liability company agreements were actually prepared between April 12 and April 16, 2024, and signed by Mr. Straub on April 16, 2024. The three sets of meeting minutes were prepared after April 12, 2024, and signed by Mr. Straub on or after April 22, 2024.
3. Mr. Craig Galle, one of Mr. Straub's former attorneys, fabricated and falsified these documents at Mr. Straub's direction.
4. Mr. Straub directed this fabrication in bad faith to gain an advantage in the dispute over ownership of Miss America. That means he knew the documents were not genuine, and he had them created to make his claim of ownership of Miss America appear stronger.

The facts set forth in the paragraphs above have been decided by the Court. You must accept these established facts as true. You may not reconsider or decide the above facts differently.

Because of my findings, Defendant may no longer pursue a claim of his own in this case. You should not speculate about this or consider it for any purpose other than as I explain in these instructions.

**What the Court's finding does not decide.**

The Court has not decided who owns Miss America. Plaintiff has the burden of proving, by a preponderance of the evidence, that she owns Miss America. You must decide that question based on the evidence presented at this trial. Nothing I have said or done in this case is meant to suggest how you should decide it.

**How you may consider the Court's finding.**

You may consider the Court's finding in two ways.

First, you may consider it in deciding whether to believe Mr. Straub's testimony and the other evidence he has presented. You may, but are not required to, view his testimony and evidence with greater caution because of it.

Second, you may, but are not required to, infer from the fabrication that Mr. Straub believed his position on ownership could not be proven with genuine evidence. In other words, you may conclude, in light of the fact that Mr. Straub caused evidence to be fabricated, that he either knew or perceived his claim to ownership of Miss America to be weak and/or without merit. If you draw that inference, you may consider it, together with the evidence admitted at trial

concerning the creation, use, circulation and effects of these documents, along with all of the other evidence, in deciding whether Plaintiff has proven that she owns Miss America, and in deciding the remaining defenses.

It is for you to decide whether to draw this inference and how much weight, if any, to give it. In deciding, you should consider any evidence offered to explain the fabrication. You should also consider any evidence offered to show that Defendant's claim of ownership is nevertheless true.

**Limits on your use of this finding.**

This finding cannot by itself prove that Plaintiff owns Miss America. She must still prove her ownership through the evidence presented.

You may not consider it for any purpose other than those I have described.

You may not assume that any *other* document or testimony in this case was fabricated or is untrue. You must evaluate each piece of evidence on its own.

The Court's finding concerns Mr. Straub's conduct and that of his former attorney. You may not hold it against Mr. Straub's current attorneys or any other person.